71936. FRYMYER v. THE STATE.
(346 SE2d 573)

BENHAM, Judge.

Appellant was convicted of child molestation. We affirm his conviction.

1. In his first enumerated error, appellant complains that a statement he gave police should not have been admitted at trial, because it was not freely and voluntarily made. Appellant maintains his "limited intellectual capacity" rendered him incapable of freely and voluntarily waiving his constitutional rights.

At the *Jackson-Denno* hearing conducted prior to the admission of appellant's statement, the questioning officer stated that appellant's statement to authorities was given after appellant had been ad-

vised of his constitutional rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). It was the officer's opinion that appellant appeared to understand his rights, was not under the influence of intoxicants, and gave the statement freely and voluntarily. Appellant testified he was not threatened in any way or promised anything to induce a statement. He stated he had attended school through the eighth grade, achieving a third-grade level of proficiency in special education classes, and could read and write "a little bit." He testified he understood his *Miranda* rights since he had a prior arrest for driving without a license. The trial court found appellant made the statement freely and voluntarily after having been advised of his constitutional rights.

"The state is required only to prove by a preponderance of the evidence that the appellant's statement was voluntarily made. [Cits.] . . . We must accept the trial court's determination that the appellant's statement was voluntarily made absent a showing that this determination was clearly erroneous. [Cits.]" *Tyler v. State*, 247 Ga. 119 (2) (274 SE2d 549) (1981). "The fact that the defendant may have suffered from a mental deficiency or that he [may have been] illiterate did not render him incapable of making a valid confession. [Cits.]" *Coverson v. State*, 162 Ga. App. 497 (2) (292 SE2d 196) (1982). The trial court did not err in admitting the statement.

2. The indictment alleges appellant exposed himself to a child under the age of 14 on May 16, 1984. The child testified to various incidents occurring from late December 1983 through the summer of 1984. Appellant testified he was incarcerated on May 16, 1984, and contends his motion for a directed verdict of acquittal should have been granted due to the existence of a fatal variance between the allegata and the probata.

"In *DePalma v. State*, 225 Ga. 465, 469 [(169 SE2d 801) (1969)], the Supreme Court adopted the 'fatal variance' rule of *Berger v. United States*, 295 U. S. 78, 82 (55 SC 629, 79 LE 1314) [1934]: 'The general rule that allegations and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.' " *Caldwell v. State*, 139 Ga. App. 279, 281 (228 SE2d 219) (1976). "We hold that alleging one date in the indictment and proving another at trial when a defense of alibi as to the date alleged is relied upon violates the *DePalma* requirement 'that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial.'

"This does not mean, however, that time becomes an essential

ingredient of the *offense* so that a variance may be taken advantage of by motion for directed verdict of acquittal, or on the ground of insufficiency of the evidence, as urged in this appeal. . . . The better rule, and the one which we adopt, is that the state may prove any date within the period of limitations . . . but if defendant, relying upon an alibi defense for the time alleged in the indictment, is surprised and prejudiced by a time variance, *upon his motion therefor* he will be afforded sufficient time to prepare his defense to meet the new date." Id. at 286. (Emphasis supplied.) Appellant did not make a motion for continuance on the basis of surprise and prejudice to his defense caused by the variance. If he had made such a motion, it should have been granted. *Haygood v. State*, 172 Ga. App. 271 (2) (322 SE2d 513) (1984); *Arnold v. State*, 167 Ga. App. 720 (2) (307 SE2d 526) (1983). The trial court correctly denied the motion for directed verdict of acquittal. *Caldwell v. State*, supra; *Mann v. State*, 167 Ga. App. 829 (1) (308 SE2d 12) (1983).

3. Lastly, appellant maintains the trial court erred by permitting the State to cross-examine a defense witness concerning bias without laying a proper foundation. At trial, appellant objected to the testimony elicited as irrelevant and prejudicial. "If counsel desires to preserve an objection upon a specific point, the objection must be on that specific ground." *Wilson v. State*, 145 Ga. App. 315 (5) (244 SE2d 355) (1978). The trial court was not called upon to rule on the ground now raised by appellant. In light of the well-established rule that an appellate court may not consider objections to evidence not raised at trial, there is nothing for this court to review. *Mullins v. State*, 176 Ga. App. 439 (1) (336 SE2d 343) (1985).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 4, 1986 —
REHEARING DENIED JUNE 18, 1986.

*Michael B. Perry*, for appellant.
*Glenn Thomas, Jr., District Attorney, James A. Chamberlin, Jr., Assistant District Attorney*, for appellee.