### 75836. KINDRED v. THE STATE.
(365 SE2d 870)

DEEN, Presiding Judge.

The appellant, Patricia Kindred, was charged with the felony murder of her own daughter, but was convicted of involuntary manslaughter. On appeal, she contends that the trial court erred in admitting into evidence a statement she made to investigators, and in charging the jury about flight. *Held*:

1. On the evening following the death of her infant daughter, the appellant was interviewed at the sheriff's office by an investigator and a GBI agent. At that time, the circumstances of the child's death were still being investigated, and no charges had been made against the appellant. The investigators explained her rights to remain silent and to have counsel present, and the appellant acknowledged that she understood those rights and signed a waiver of those rights. At trial, in contesting the voluntariness of the statement that followed, the appellant claimed that she had been distraught and confused, and had not really understood that she could have had counsel with her at the interview.

Following the *Jackson-Denno* hearing, the trial court concluded that the appellant had waived her rights to remain silent and to have counsel present at the interview, and that her statement was thus freely and voluntarily given. The trial court's findings, absent a showing that the determination was clearly erroneous, must be accepted by this court. *Frymyer v. State*, 179 Ga. App. 391 (346 SE2d 573) (1986). Considering the totality of the circumstances, there certainly was ample evidence to support the trial court's determination. *White v. State*, 251 Ga. 482 (306 SE2d 636) (1983).

2. The appellant's fourteen-month-old daughter died on Tues-

day, April 28, 1987, probably from a seizure that was precipitated by dehydration and a lack of medication for her seizure disorder. (Four medicines were to be given: depakene, dianox, phenobarbitol, and clonazepan. Although disputed, the appellant allegedly told a neighbor that the Lord had commanded her to discontinue giving her daughter the medicine, and the daughter would be healed.) During the interview the next day, the appellant indicated to the investigators that arrangements were being made for the appellant and her husband to take the child's body to California on the following Monday for the funeral. However, the appellant and her husband surreptitiously flew to California early Saturday morning, leaving the child's body behind. Contrary to the appellant's contention, this evidence authorized the trial court's basic instruction on flight. See *Griffin v. State*, 170 Ga. App. 287 (8) (316 SE2d 797) (1984).

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED FEBRUARY 1, 1988.

Charles A. Thomas, Jr., for appellant.
William G. Hamrick, Jr., District Attorney, for appellee.