S92A0675. TAYLOR v. THE STATE.
(420 SE2d 750)

HUNT, Justice.

Lamonte Taylor, a/k/a Malik, was convicted of malice murder in Gwinnett County. The jury did not recommend the death penalty, and Taylor was sentenced to life in prison.[1] He appeals; we affirm.

Defendant, Lamonte Taylor, and co-defendant, Wayne Swinton, waited in an office parking deck for the owner of either of two new

---

[1] The homicide occurred on October 12, 1990. Taylor was arrested on October 17, indicted on April 2, 1991, and tried on September 16 through September 20, when he was convicted. He filed his motion for new trial on October 31, 1991, which was amended and overruled on January 17, 1992. The trial transcript was certified by the court reporter on November 21, 1991. Taylor filed his notice of appeal on February 13, 1992. The record was docketed in this court on March 10, and submitted for decision on April 24, 1992.

cars to approach in order to steal one of the cars. When the victim, Raymond McMahon, appeared, the defendants abducted him in his car and eventually gagged him and beat him to death with the butt of a shotgun. Two days later, they set the car on fire and abandoned it, but the police were able to obtain Taylor's fingerprints. He was arrested and admitted abducting the victim and stealing the car, but not killing McMahon, whom he claimed was beaten by Swinton. Other witnesses testified they heard Taylor say he had killed a man for his car.

1. Taylor contends the evidence is insufficient to support his conviction because the two witnesses who testified they overheard Taylor admit he killed someone were both impeached. Credibility is an issue for the jury, *Booker v. State*, 257 Ga. 37, 38 (354 SE2d 425) (1987), and the evidence is sufficient to support a finding that Taylor was, at least, a party to the crime. OCGA § 16-2-20. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. There is no merit to Taylor's contentions that the grand and traverse juries were improperly impanelled or that the method of establishing the traverse jury was discriminatory.[2] *Cook v. State*, 255 Ga. 565, 573-574 (340 SE2d 843) (1986). Nor do we find that the trial court erred in refusing to find a violation of *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986). *Tharpe v. State*, 262 Ga. 110, 112 (416 SE2d 78) (1992).

3. We have reviewed the defendant's contentions regarding the denial of his motions for change of venue[3] and for a mistrial, his motion to suppress his incriminating statement, and his motion in limine and find no grounds for reversal.

*Judgment affirmed. Clarke, C. J., Bell, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 2, 1992.

*Melodie L. Snell,* for appellant.

---

[2] "A defendant has no right to a jury selected from a list which perfectly mirrors the percentage structure of the community. What is required is a list which represents a *fair* cross section of the community and which is not the product of intentional racial or sexual discrimination." (Emphasis in original.) *Cook v. State*, 255 Ga. 565, 573 (340 SE2d 843) (1986).

[3] This case was tried before we adopted the test that the defendant must make a "substantive showing of the likelihood of prejudice by reason of extensive publicity" in *Jones v. State*, 261 Ga. 665 (2b) (409 SE2d 642) (1991), effective January 16, 1992.

*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney, Michael J. Bowers, Attorney General, C. A. Benjamin Woolf, Staff Attorney, for appellee.*