## S93A1742. COST v. THE STATE.
(438 SE2d 79)

FLETCHER, Justice.

Aaron Cost was indicted for malice murder and felony murder for the shooting death of Donald Baldwin. After a jury trial, Cost was found guilty of both murder and felony murder. The convictions were merged and Cost was sentenced to life imprisonment. He appeals and we affirm.[1]

1. Cost first argues that the evidence was insufficient to support his conviction as there was no *credible* evidence that he committed any act that caused or contributed to the death of Donald Baldwin. Cost claims that the testimony of the two witnesses who linked him to the shooting was not credible because the testimony was contradic-

---

[1] The homicide occurred on July 12, 1992 and Cost was indicted on October 8, 1992. Cost's trial was held April 14-16, 1993. He was sentenced on April 16 and his notice of appeal through new counsel was filed on May 14. The case was orally argued on October 19, 1993.

tory and because of the incentives both witnesses had to lie. Credibility is an issue to be determined by the jury and that determination will not be disturbed on appeal. *Booker v. State*, 257 Ga. 37, 38 (354 SE2d 425) (1987) and *Taylor v. State*, 262 Ga. 429, 430 (420 SE2d 750) (1992). The jury resolved the credibility of the witnesses against Cost and the jurors were authorized to make such a finding.

The evidence when viewed in the light most favorable to the prosecution is sufficient to show that Cost either shot Baldwin or was a willing participant in the shooting. After reviewing the record, we conclude that a rational trier of fact could have found Cost guilty of malice or felony murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Cost asserts that his trial counsel was ineffective because he was unprepared to impeach the testimony of a co-defendant through the use of a certified copy of that co-defendant's previous felony conviction(s). Trial counsel admitted to the court at trial that he had anticipated that the co-defendant would not testify and he therefore had not obtained a certified copy of the conviction(s). The court then precluded any questioning of the co-defendant about any alleged conviction(s). Cost claims that this trial counsel error was harmful as the co-defendant was one of only two witnesses who could link Cost to the killing.

A claim of ineffective assistance of counsel must be raised at the earliest opportunity. Cost's appellate counsel was appointed before the time for filing a motion for new trial had expired and before an appeal had been filed. Appellate counsel stated at oral argument that he informed Cost that any complaint concerning trial counsel's performance had to be raised in a motion for new trial and that Cost instructed him not to file a motion for new trial because it would delay his appeal and because he believed his trial counsel had done a good job.[2]

After being informed by appellate counsel that any potential ineffectiveness claim would have to be raised in a motion for new trial, Cost chose to forgo filing such a motion. Cost apparently deemed the likelihood of trial counsel having been ineffective as small and therefore chose to avoid delaying his appeal by filing a motion for new trial. Whether or not trial counsel's action constituted ineffective assistance of counsel,[3] Cost made an informed choice and, having made that choice, he waived his right to raise the issue of trial counsel's performance. *Johnson v. Zerbst*, 304 U. S. 458, 464 (58 SC 1019, 82 LE 1461) (1938); *Maxwell v. State*, 262 Ga. 541, 543-544 (422 SE2d

---

[2] This alleged error had not been discovered at the time of this conversation.

[3] We expressly do not decide whether counsel's failure to obtain a copy of the conviction was ineffective.

543) (1992) (Fletcher, J., concurring specially).

3. We have reviewed Cost's claims that the trial court abused its discretion in denying severance, that the state violated *Batson v. Kentucky*, 476 U. S. 79 (106 SC 1712, 90 LE2d 69) (1986) in exercising its peremptory strikes, that the trial court improperly admitted certain testimony and improperly limited counsel's cross-examination. We find such claims of error to be without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 10, 1994.

*Charles E. Day*, for appellant.

*Alan A. Cook, District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Paige M. Reese, Staff Attorney*, for appellee.