S96A0940. KEGLER v. THE STATE.
(475 SE2d 593)

CARLEY, Justice.

After a jury trial at which he represented himself, Raymone Kegler was found guilty of the following offenses: felony murder while in the commission of an aggravated assault; two counts of armed robbery; and, two counts of false imprisonment. He was sentenced to three concurrent life terms for the murder and armed robberies and to two concurrent ten-year terms for the false imprisonments. He appeals pro se from the judgments of conviction and sentences entered by the trial court on the jury's guilty verdicts.[1]

---

[1] The crimes were committed on October 19, 1994 and Kegler was indicted on April 11, 1995. The guilty verdicts were returned on December 6, 1995 and, on the following day, the sentences were imposed. Kegler filed his pro se notice of appeal on December 14, 1995 and the case was docketed in this Court on March 7, 1996. The appeal was submitted for decision

1. The evidence authorized a finding that Kegler, along with his cousin and a friend, broke into the apartment of a suspected drug dealer. With guns drawn, they bound, gagged, and robbed the suspected dealer and another victim. When yet a third victim entered the apartment, he was fatally shot. Kegler's friend gave a post-arrest incriminating statement and testified for the State. After his own arrest, Kegler likewise made an incriminating statement. From a pre-trial photographic lineup and at the subsequent trial, one of the victims positively identified Kegler as a perpetrator. Although Kegler urges on appeal that none of the State's witnesses was credible, the issue of credibility was exclusively for the jury. *Cost v. State*, 263 Ga. 720 (1) (438 SE2d 79) (1994). When construed most strongly in support of the jury's guilty verdicts, the evidence was sufficient to authorize a rational trier of fact to find proof of Kegler's guilt of the murder, armed robberies and false imprisonments beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Kegler makes several contentions regarding his constitutional right to counsel. However, the record clearly shows that he made a knowing and intelligent pre-trial waiver of that right, having elected to represent himself after the trial court determined that he understood the disadvantages of doing so. *Thaxton v. State*, 260 Ga. 141, 142 (2) (390 SE2d 841) (1990). Kegler is not an attorney and therefore he was not entitled to represent himself while also being represented by counsel. *Seagraves v. State*, 259 Ga. 36 (376 SE2d 670) (1989). Since he waived his right to counsel and proceeded pro se, Kegler cannot raise an ineffective assistance of counsel claim. *Mullins v. Lavoie*, 249 Ga. 411 (290 SE2d 472) (1982).

3. Although Kegler urges error in the State's opening statement and closing argument, a transcript of neither has been provided. The burden is on the complaining party, "including pro se appellants, [cit.], to compile a complete record of what happened at the trial level, and 'when this is not done, there is nothing for the appellate court to review.' [Cit.]" *Wright v. State*, 215 Ga. App. 569, 570 (2) (452 SE2d 118) (1994). See also *Johnson v. State*, 261 Ga. 678, 679 (2) (409 SE2d 500) (1991); *Brown v. State*, 223 Ga. 540, 541 (2) (156 SE2d 454) (1967).

4. Kegler having elected to represent himself, it was his responsibility, not the trial court's, to ensure the presence of his witnesses by issuance of subpoenas. OCGA §§ 24-10-20 (b); 24-10-21. There is no constitutional requirement that the trial court "take over chores for a pro se defendant that would normally be attended to by trained

counsel as a matter of course." *McKaskle v. Wiggins*, 465 U. S. 168, 184 (V) (B) (104 SC 944, 79 LE2d 122) (1984).

5. At the conclusion of the jury charge, the trial court specifically asked Kegler if he had any objections and Kegler responded that he had none. Kegler's failure either to object or to reserve the right to raise objections later "amounts to a procedural default barring appellate review of the charge. [Cit.]" *Rivers v. State*, 250 Ga. 303, 309 (7) (298 SE2d 1) (1982).

6. Although Kegler urges that the State used false testimony to obtain his convictions, he offers nothing of record in support thereof. On the record before us, the credibility of the State's witnesses was a matter solely for the jury's determination. *Moore v. State*, 255 Ga. 148, 149 (335 SE2d 868) (1985).

*Judgments affirmed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1996 —
RECONSIDERATION DENIED OCTOBER 4, 1996.

Raymone T. Kegler, *pro se.*

J. Tom Morgan, District Attorney, J. Michael McDaniel, Robert M. Coker, Assistant District Attorneys, Michael J. Bowers, Attorney General, Christopher S. Brasher, Assistant Attorney General, for appellee.