## S98A1676. JACKSON v. THE STATE.
### (510 SE2d 815)

BENHAM, Chief Justice.

Fanoris Jermaine Jackson brings this appeal from his conviction for malice murder, burglary, three counts of false imprisonment, and possession of a firearm by a first offender probationer.[1] The evidence presented at trial authorized the following to be found as facts. Around 3:00 a.m. on the date of the killing, Jackson's girlfriend, the mother of his son, arrived home from a date to the house which she shared with her parents, her brother, and her son. As she walked up the driveway, Jackson appeared, grabbed her by her jacket, asked where she had been, and threatened to kill her. Screaming, she slipped out of the jacket and ran to the house. As she told her mother

---

[1] The crimes were committed on February 24, 1997, and Jackson was indicted on February 11, 1998 for malice murder, felony murder (aggravated assault), aggravated assault, burglary, three counts of false imprisonment, and possession of a firearm by a first offender probationer. A trial conducted June 1-4, 1998, resulted in a verdict of guilty on all counts except the firearm possession count, to which Jackson entered a guilty plea after the verdict on the other counts. The trial court sentenced Jackson to life imprisonment for malice murder (the felony murder count was vacated by operation of law, and the trial court merged the aggravated assault conviction into the murder count), and consecutive sentences of twenty years for burglary, ten years each for two false imprisonment counts, five years for the other false imprisonment count, and five years for the firearm possession count. On July 2, 1998, a notice of appeal was filed for Jackson by counsel appointed post-conviction; the appeal was docketed in this Court on July 20, 1998, and the case was submitted for decision on the briefs.

what had happened outside, she saw Jackson's shadow on the exterior door of her bedroom. She went to the back door, saw Jackson there, and went to the front room where her father was sleeping. As she tried to explain to him what was happening, Jackson kicked in the back door. He forced his girlfriend's mother and brother to accompany him at gunpoint to the front room. When her father started to sit up, Jackson told him to stay down, shot him in the hand when he started to pull the covers up over himself, then shot him several more times, one of the shots wounding the victim fatally in the head. Jackson unplugged the telephone in that room, forced the others to go with him to the room where the child had been sleeping, had the telephone in that room unplugged, then required everyone else to sit on the bed while he sat in a chair in front of the door. From there he conducted a conversation with his girlfriend about her date and their relationship, then began to threaten to kill himself. His girlfriend's mother eventually persuaded Jackson to take the bullets from the gun and let her call the police. Jackson was arrested when police officers came to the house.

1. The evidence adduced at trial and set out above was sufficient to authorize a rational trier of fact to find Jackson guilty beyond a reasonable doubt of the crimes of which he was tried and convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Sallie v. State*, 269 Ga. 446 (1) (499 SE2d 897) (1998); *Kegler v. State*, 267 Ga. 147 (475 SE2d 593) (1996).

2. Jackson has attempted to raise on appeal ineffective assistance of counsel and has moved to remand this case to the trial court for an evidentiary hearing on that subject. However, because Jackson's appellate counsel was appointed prior to the filing of the notice of appeal, Jackson is procedurally barred from raising for the first time on appeal the issue of ineffectiveness of counsel. *Glover v. State*, 266 Ga. 183 (2) (465 SE2d 659) (1996).

3. Relying on Uniform Superior Court Rule 33.6 (B),[2] Jackson complains that the trial court punished him for exercising his right to a jury trial by imposing consecutive sentences for all offenses other than the one to which he pleaded guilty. That argument is refuted by a careful reading of the transcript, where it may readily be seen that the trial court's concern was Jackson's lack of remorse. We find no merit in Jackson's argument that the trial court imposed consecutive sentences in order to punish Jackson's exercise of his right to a jury trial.

---

[2] "The judge should not impose upon a defendant any sentence in excess of that which would be justified by any of the rehabilitative, protective, deterrent or other purposes of the criminal law merely because the defendant has chosen to require the prosecution to prove his guilt at trial rather than to enter a plea of guilty or nolo contendere." USCR 33.6 (B).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 19, 1999.

*Elaine T. McGruder,* for appellant.

*Robert E. Keller, District Attorney, Brian J. Amero, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.

*Judgment affirmed. All the Justices concur.*

