## A00A0742. MILLER v. THE STATE.
(533 SE2d 787)

JOHNSON, Chief Judge.

The state accused Wilton Miller of being a habitual violator, making an illegal u-turn, driving without insurance, driving without proof of insurance, and driving with a revoked license. Miller denied the accusations and elected to represent himself without counsel.

At trial, the state presented a police officer who testified that on July 19, 1999, he saw Miller almost hit another vehicle when he made a u-turn in front of that vehicle, that he stopped Miller because of the improper u-turn, that he discovered Miller's license had been suspended, and that Miller had only expired insurance cards but no proof of current insurance on his car. The state also introduced certified documents from the Georgia Department of Public Safety showing that Miller had previously been declared a habitual violator, that his driver's license had been revoked several years ago, and that his license had not been reinstated.

The jury found Miller guilty of all the charged offenses. And the court entered a judgment of conviction on the verdict, sentencing Miller to serve two consecutive twelve-month sentences. Miller appeals pro se, asserting 19 enumerations of error. We find that none of the enumerated errors is meritorious and, therefore, affirm the judgment of the trial court.

1. Miller claims that at his first appearance hearing on July 20, 1999, the magistrate refused his request to represent himself. The burden is on the complaining party, including a pro se appellant, to compile a complete record of what happened below, and when this is not done there is nothing for an appellate court to review.[1] Miller has not met this burden because there is no transcript of the first appearance hearing. Nor is there any other evidence in the record showing that the magistrate in fact disregarded a knowing and voluntary waiver by Miller of his right to counsel.[2]

Furthermore, we note that Miller was allowed to exercise his

[1] *Kegler v. State*, 267 Ga. 147, 148 (3) (475 SE2d 593) (1996); *Farris v. State*, 236 Ga. App. 241 (511 SE2d 601) (1999).

[2] See *Hayes v. State*, 203 Ga. App. 143, 144 (2) (416 SE2d 347) (1992).

right to represent himself at trial.[3] So we fail to see how the appointment of counsel at the first appearance hearing, if such appointment actually occurred over Miller's knowing and voluntary waiver of counsel, constitutes a basis for reversing Miller's convictions.

2. Miller complains that at his commitment hearing held on July 23, 1999, the state denied him the right to due process by moving to increase his bond and by initiating an unlawful arraignment. There is no transcript of the hearing in question, and Miller has not shown by the record how a motion to increase his bond denied him due process or that there was an unlawful arraignment. Miller therefore has not met his burden of proving error by the record.[4]

3. Miller contends the court erred in denying his motion to dismiss all the charges on the ground that the officer who arrested him did not appear at the commitment hearing. This contention is not supported by the record because there is no transcript of that hearing.[5]

Moreover, Miller has not indicated why the officer's alleged nonappearance at the hearing would have provided a basis for the court to dismiss all of the charges brought against him by the state. The only thing we can presume is that Miller may have intended to claim that the state could not have proved probable cause at the hearing without the officer. But hearsay is admissible at a commitment hearing,[6] so even without the arresting officer's testimony, the state still could have established probable cause through other hearsay evidence. In any event, we do not know exactly what happened at the hearing because of the absence of a transcript.

Furthermore, at this point, the jury verdict of guilty beyond a reasonable doubt demonstrates that there was probable cause to charge Miller with the offenses for which he was convicted, so any error at the commitment hearing was harmless.[7]

4. Miller claims that the court erred in denying his motion to dismiss the habitual violator charge on the ground that his driver's license had actually been reinstated. Miller has not cited any evidence in the record to support his claim that at the time he was driving on July 19, 1999, he had a valid driver's license. On the contrary, the only evidence on that issue was presented by the state at trial in

---

[3] See *Loggins v. State*, 225 Ga. App. 713, 715-716 (4) (484 SE2d 758) (1997). Compare *Coppolla v. State*, 238 Ga. App. 567, 570-573 (2) (519 SE2d 494) (1999).

[4] *Kegler*, supra; *Farris*, supra.

[5] See *Kegler*, supra; *Farris*, supra.

[6] *In re R. B.*, 264 Ga. 602, 603 (448 SE2d 690) (1994).

[7] See generally *Ferrell v. State*, 203 Ga. App. 479, 480 (1) (416 SE2d 903) (1992). See also *Fleming v. State*, 236 Ga. 434, 436 (224 SE2d 15) (1976) (after indictment and conviction, even the complete lack of a commitment hearing will not be considered reversible error).

the form of certified documents showing that his suspended license has never been reinstated. Accordingly, Miller has again failed to support his claim of error by the record.[8]

5. Miller argues that the court erred in proceeding with the trial while he still had several motions pending. The only pending motion that he has actually identified in his brief was a motion to change venue on the ground that his prior conviction for being a habitual violator was published in a newspaper.

All motions must be filed before or at the arraignment, unless the time for filing is extended by the judge in writing prior to trial.[9] Miller did not get an extension of time from the judge for the filing of his change of venue motion, which was filed approximately two months after the arraignment and less than two weeks before trial. The trial court therefore did not err in not ruling on Miller's untimely motion.[10]

6. Miller's enumerated error that the jury array did not represent a cross-section of the community is written on an otherwise blank page, completely unsupported by any argument, record citations or legal authority. The enumerated error is thus deemed abandoned.[11]

7. Miller complains that the court improperly limited his opening statement. The purpose of the opening statement is to give the jury and the court an outline of the evidence that the party anticipates presenting, whereas the purpose of the closing argument is to recount the evidence presented and suggest the conclusion demanded by that evidence.[12] The trial court has the right and duty to govern the scope of argument both before and after the presentation of evidence, and the proper range of argument is a matter within the court's discretion.[13]

In this case, the court properly instructed Miller to state in his opening remarks only what he anticipated the evidence to show. Miller, however, repeatedly ignored the court's instructions and attempted to argue his case and refer to matters that would not be proved by the evidence. Under those circumstances, we find no abuse of discretion in the court's limiting Miller's opening statement only to matters that would be shown by the evidence.[14]

8. Miller argues that the court erred in not allowing him to cross-

---

[8] See *Kegler,* supra; *Farris,* supra.

[9] *Haska v. State,* 240 Ga. App. 527 (1) (523 SE2d 589) (1999).

[10] See *Stewart v. State,* 232 Ga. App. 565, 566-567 (2) (502 SE2d 502) (1998) (trial court properly dismissed untimely motion to suppress).

[11] Court of Appeals Rule 27 (c) (2).

[12] *Williams v. State,* 218 Ga. App. 571, 573 (2) (462 SE2d 457) (1995).

[13] Id.

[14] See *Walden v. State,* 267 Ga. 162, 164 (2) (c) (476 SE2d 259) (1996).

examine the arresting officer about whether Miller asked him at the scene of the traffic stop to place a telephone call to verify that Miller indeed had valid automobile insurance. The trial transcript reveals that Miller actually did ask the officer three times about whether Miller had made such a request at the traffic scene, and each time the officer said he did not recall. It was only after Miller attempted to ask the officer the same question a fourth time that the trial court instructed Miller to move on to another subject.

> The trial court may curtail inquiries which are unduly repetitive or harassing and may exercise reasonable judgment in determining when a subject is exhausted. Such restrictions lie within the discretion of the trial court and will not be disturbed on appeal unless manifestly abused.[15]

Here, the trial court did not manifestly abuse its discretion in curtailing Miller's repeated questioning on a subject matter that had been exhausted.

9. Miller claims the court erred in allowing a state's investigator to testify because the state had not given Miller a list of its witnesses pursuant to his discovery request. Although Miller told the trial judge he had not gotten the list, the state informed the trial court at a pretrial hearing that it had given Miller a witness list. And during the trial the state presented a legal assistant who testified that before the trial she had provided Miller with a list of state witnesses, including the investigator.

So, contrary to Miller's claim, there is some evidence in the record to support a finding by the trial court that the state did in fact provide Miller with the witness list.[16] Furthermore, the remedies available to a defendant who claims a witness was not properly identified are a continuance or a mistrial, neither of which was sought here.[17] The trial court thus did not abuse its discretion in permitting the investigator to testify.

10. Miller objects that the court erred in allowing the state to introduce two Department of Public Safety license suspension notices because they put Miller's character in issue by showing DUI citation numbers. Although Miller objected when the state tendered these documents for admission, he did not raise the specific objection that he now raises. To preserve a specific point for appellate review, an objection based on that specific ground must be made in the trial

---

[15] (Citation omitted.) *Daniels v. State*, 235 Ga. App. 296, 297 (1) (509 SE2d 368) (1998).

[16] See *Mize v. State*, 269 Ga. 646, 653 (7) (501 SE2d 219) (1998); *Moody v. State*, 258 Ga. 818, 821 (4) (375 SE2d 30) (1989).

[17] See id.

court.[18] Because no such contemporaneous objection was made here, the issue was not preserved for our review.

11. Miller contends that the court erred in admitting a state exhibit showing that he had been declared a habitual violator because that habitual violator declaration was later vacated by another court. But Miller presented no evidence to the trial court, and has cited no evidence here, in support of this claim and thus has failed to support his claim of error by the record.[19]

12. Miller complains that the court erred in admitting the state's exhibit showing his driving history because it showed his prior DUI convictions and other driving offenses which put his character in issue. At the time the document was admitted, Miller objected that it was highly improper but did not specifically argue that it put his character in issue. Absent a contemporaneous objection on the specific ground now asserted on appeal, the issue is not preserved for our review.[20]

13. Miller's contention that a state exhibit showing he had been declared a habitual violator was somehow favorable to him and was improperly withheld by the state is unpersuasive. In any event, even if the habitual violator notice could be construed as being favorable to Miller, there is no *Brady*[21] violation where the information becomes available to the accused at trial, as it did here.[22]

14. Miller argues that he was prejudiced by the judge having heard Miller's driving record from a witness outside the jury's presence. Miller failed to raise this argument in the trial court and thus cannot raise it for the first time on appeal.[23] Moreover, it is unclear from Miller's argument exactly how he was prejudiced, and he has cited nothing in the record to support his claim.[24] We find no evidence that the judge was prejudiced against Miller.[25]

15. Miller asserts that the judge violated OCGA § 17-8-57 by expressing his opinion about the dates shown on two of the state's exhibits. The specific comments that Miller complains of were made outside the jury's presence, so there was no violation of OCGA § 17-8-57.[26] And there is no indication that the judge later intimated any opinion to the jury about the case.[27] We find no error.

[18] *Frymyer v. State*, 179 Ga. App. 391, 393 (3) (346 SE2d 573) (1986).

[19] See *Kegler*, supra; *Farris*, supra.

[20] *Frymyer*, supra.

[21] *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

[22] *Stephens v. State*, 264 Ga. 761, 762 (3) (450 SE2d 192) (1994).

[23] See *Frymyer*, supra.

[24] See *Kegler*, supra; *Farris*, supra.

[25] See *Najmaister v. State*, 196 Ga. App. 345, 347 (2) (396 SE2d 71) (1990).

[26] See *Smith v. State*, 236 Ga. App. 122, 124-125 (3) (511 SE2d 223) (1999).

[27] See *Grayer v. State*, 181 Ga. App. 845, 846 (3) (354 SE2d 191) (1987).

16. Contrary to Miller's claim, the arresting officer's uncontradicted testimony that Miller produced only expired insurance cards and no proof of current insurance on his car was sufficient evidence to support the jury's finding beyond a reasonable doubt that Miller was guilty of driving without insurance.[28]

17. Miller argues that the habitual violator statute, OCGA § 40-5-58, violates constitutional due process requirements by allowing the state to suspend a driver's license without first having a hearing. This argument has already been decided adversely to Miller by the Supreme Court, which has held that Georgia's statutory scheme of an administrative appeal and a de novo review in the superior court of the revocation of a habitual offender's license meets the due process requirements of both the state and federal constitutions.[29]

18. Miller contends that the trial court erred in preventing him from expressing his opinion of the law during his closing argument. The right to comment on the law to the jury is not absolute but is subject to limitations imposed by the court in the exercise of its discretion.[30] Here, the trial court did not abuse its discretion in prohibiting Miller from giving his opinion of, or otherwise misstating, the law.[31]

19. Miller claims that the court erred in considering evidence presented by the state in aggravation of punishment that was not made known to him prior to trial. The claim is without merit because the state is not required to give pretrial notice of evidence in aggravation of punishment in misdemeanor cases such as this.[32]

*Judgment affirmed. Phipps, J., and McMurray, Senior Appellate Judge, concur.*

DECIDED APRIL 14, 2000 — 
RECONSIDERATION DENIED MAY 1, 2000 — ▮▮▮▮▮

Wilton V. Miller, *pro se*.
Gerald N. Blaney, Jr., Solicitor, Daniel J. Whitworth, Jeffrey P. Kwiatkowski, Staci B. Abrams, Assistant Solicitors, for appellee.

---

[28] See *Nunn v. State*, 224 Ga. App. 312, 313 (1) (b) (480 SE2d 614) (1997) (physical precedent only); *Odum v. State*, 220 Ga. App. 263-264 (469 SE2d 394) (1996).

[29] See *Quiller v. Bowman*, 262 Ga. 769, 770, n. 1 (425 SE2d 641) (1993); *Hardison v. Shepard*, 246 Ga. 196, 198 (2) (269 SE2d 458) (1980); *Hardison v. Booker*, 179 Ga. App. 693, 694 (3) (347 SE2d 681) (1986).

[30] *Simmons v. State*, 172 Ga. App. 695, 698 (6) (324 SE2d 546) (1984).

[31] See *Massey v. State*, 272 Ga. 50 (525 SE2d 694) (2000).

[32] See *Williams v. State*, 221 Ga. App. 291, 295 (3) (470 SE2d 922) (1996) (physical precedent only).