A08A2427. HORNSBY v. THE STATE.
(675 SE2d 502)

DOYLE, Judge.

Following a jury trial, Michael Harvey Hornsby was convicted of following another vehicle too closely.[1] He appeals, alleging that he was denied effective assistance of counsel at trial. Hornsby also contends that the trial court erred in conducting voir dire and in denying his motion to strike a juror for cause. We affirm, for reasons that follow.

Viewed in the light most favorable to the verdict,[2] the evidence shows that on December 23, 2006, Officer Clay McCullough observed Hornsby following another vehicle at a distance of approximately five to ten feet while traveling approximately 20 to 25 miles per hour.

---

[1] OCGA § 40-6-49.
[2] See *Vega v. State*, 285 Ga. App. 405 (646 SE2d 501) (2007).

Officer McCullough stopped Hornsby and ultimately issued him a written citation for following too closely. After a jury trial, Hornsby was convicted of following too closely, and this appeal followed.

1. Hornsby asserts that he received ineffective assistance of counsel because his trial counsel failed to: question two potential jurors to determine whether their familiarity with the officers resulted in bias or prejudice; object to the testimony of a particular witness; and object to the admission of a videotape depicting the events after Hornsby was stopped. However, Hornsby has waived his right to challenge the ineffectiveness of counsel.

> It is axiomatic that a claim of ineffectiveness of trial counsel must be asserted at the earliest practicable moment. This requires that the claim be raised before appeal if the opportunity to do so is available; that the ability to raise the issue on motion for new trial represents such an opportunity; and that the failure to seize that opportunity is a procedural bar to raising the issue at a later time.[3]

Here, Hornsby was found guilty on May 13, 2008, and his subsequent sentence was entered on May 27, 2008.[4] His trial counsel was replaced by appellate counsel, who, on June 9, 2008, filed both a notice of appearance and a notice of appeal. Neither trial counsel nor appellate counsel filed a motion for new trial asserting ineffective assistance of counsel, although appellate counsel could have done so when he filed the notice of appeal.[5] Because "appellate counsel was appointed prior to the filing of the notice of appeal, [Hornsby] is procedurally barred from raising for the first time on appeal the issue of ineffectiveness of counsel."[6]

2. Hornsby contends that the trial court abused its discretion in failing to seat a fair and impartial jury and in denying his motion to strike for cause a juror. We disagree.

> Whether to strike a juror for cause lies within the sound discretion of the trial court. Before a juror is excused for cause, it must be shown that he or she holds an opinion of a defendant's guilt or innocence that is so fixed and definite that the juror will be unable to set the opinion aside and

---

[3] (Punctuation omitted.) *Cooper v. State*, 287 Ga. App. 901, 902 (1) (652 SE2d 909) (2007).

[4] The sentencing order was signed by the trial court on May 13, 2008, and it was filed on May 27, 2008.

[5] See OCGA § 5-5-40 (a) ("[a]ll motions for new trial, except in extraordinary cases, shall be made within 30 days of the entry of the judgment on the verdict").

[6] *Jackson v. State*, 270 Ga. 436, 437 (2) (510 SE2d 815) (1999). See also *Glover v. State*, 266 Ga. 183 (2) (465 SE2d 659) (1996); *Cooper*, 287 Ga. App. at 902-903 (1).

decide the case based upon the evidence and the court's instructions.[7]

Here, the trial court asked the jurors whether they were related to Officer McCullough, the arresting officer in the case, and none of them responded affirmatively. Further, none of the jurors responded affirmatively when the trial court then asked whether they had formed any opinion of Hornsby's guilt or innocence or had any prejudice or bias for or against Hornsby. The trial court also asked the jurors to respond if their minds were not perfectly impartial between the State and the accused, and no one responded. Hornsby's trial counsel then asked whether any of the jurors were familiar with Officer McCullough, and three jurors responded affirmatively.

During individual voir dire, the assistant district attorney asked one of those jurors, Kimberly Crowe, whether she knew either Clay McCullough or Dennis Aderholt (another officer who appeared on the scene after the traffic stop), and Crowe responded, "Just from coming into the convenience store for a drink." Then, the assistant district attorney asked another juror, Roger Lankford, whether he knew one of the officers, and Lankford responded that he knew McCullough. Neither the State, Hornsby's trial counsel, nor the trial court asked Crowe or Lankford any additional questions about their familiarity with the officers. Hornsby's counsel then moved to strike both Crowe and Lankford on the basis that they knew the officers, and the trial court denied the motions, stating that, "Just because they know of an officer does not give reason for cause." During the strike process, Hornsby exhausted his peremptory strikes before getting to Lankford, who was then seated on the jury.

Hornsby contends that the trial court "manifestly abused its discretion by denying the motion to strike based on insufficient information," specifically alleging that "[o]nce the jurors disclosed that they were acquainted with the [S]tate's witnesses, and notwithstanding trial counsel's failure, the [trial] court had an obligation to probe whether that fact would affect their ability to be fair and impartial." Hornsby cites no direct authority to support this position. Clearly, the trial court has an obligation to ensure the selection of a fair and impartial jury.[8] Here, the trial court propounded the statutory questions required by OCGA § 15-12-164 (a) for a felony trial and in no way limited trial counsel's ability or opportunity to question the jurors. Because the record does not show bias, prejudice, or any inability on the part of the jurors to decide the case

---

[7] (Punctuation omitted.) *McDaniel v. State*, 289 Ga. App. 722, 726 (6) (658 SE2d 248) (2008).

[8] See *Kim v. Walls*, 275 Ga. 177, 178 (563 SE2d 847) (2002).

based on the evidence and the court's charge, we find no basis for reversal.[9]

*Judgment affirmed. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 5, 2009.

*Steven P. Berne*, for appellant.

*W. Kendall Wynne, Jr., District Attorney, Eric C. Crawford, Assistant District Attorney*, for appellee.

---

[9] See *Fuller v. State*, 230 Ga. App. 219, 219-220 (1) (496 SE2d 303) (1998) (trial court did not abuse its discretion in refusing to excuse for cause a potential juror who was friends with the arresting officer because the juror "stated with certainty that he could render a decision based on the law and the evidence"); *Croom v. State*, 217 Ga. App. 596, 597-598 (2) (458 SE2d 679) (1995) (trial court did not abuse its discretion in refusing to excuse for cause a potential juror who was engaged to the arresting officer because the juror specifically indicated that she could render a verdict based solely on the evidence presented in the case).