In the Supreme Court of Georgia

Decided: September 12, 2016

S16A1023. BRYSON et al. v. JACKSON.

MELTON, Justice.

Following the grant of Fanoris Jackson's petition for a writ of habeas corpus, Homer Bryson, in his capacity as commissioner, appeals, contending that the habeas court erred by finding that Jackson's appellate counsel rendered ineffective assistance by failing to preserve for direct appeal any claim that trial counsel performed deficiently. For the reasons set forth below, we reverse.

1. The underlying facts of this case were previously set forth in Jackson's direct appeal. Jackson v. State, 270 Ga. 436 (510 SE2d 815) (1999).

> Around 3:00 a.m. on the date of the killing, Jackson's girlfriend, the mother of his son, arrived home from a date to the house which she shared with her parents, her brother, and her son. As she walked up the driveway, Jackson appeared, grabbed her by her jacket, asked where she had been, and threatened to kill her. Screaming, she slipped out of the jacket and ran to the house. As she told her mother what had happened outside, she saw Jackson's shadow on the exterior door of her bedroom. She went to the back door, saw Jackson there, and went to the front room where her father was sleeping. As she tried to explain to him what was happening,

Jackson kicked in the back door. He forced his girlfriend's mother and brother to accompany him at gunpoint to the front room. When her father started to sit up, Jackson told him to stay down, shot him in the hand when he started to pull the covers up over himself, then shot him several more times, one of the shots wounding the victim fatally in the head. Jackson unplugged the telephone in that room, forced the others to go with him to the room where the child had been sleeping, had the telephone in that room unplugged, then required everyone else to sit on the bed while he sat in a chair in front of the door. From there he conducted a conversation with his girlfriend about her date and their relationship, then began to threaten to kill himself. His girlfriend's mother eventually persuaded Jackson to take the bullets from the gun and let her call the police. Jackson was arrested when police officers came to the house.

Id. at 436-437.

In this earlier direct appeal, Jackson's appellate counsel, who had been appointed after the trial was complete, immediately filed a notice of appeal rather than a motion for new trial. As a result, Jackson became procedurally barred from raising any claim that trial counsel performed deficiently, as those claims were not raised at the earliest practicable moment. See Glover v. State, 266 Ga. 183 (2) (465 SE2d 659) (1996). In line with this precedent, this Court found any such claims to be procedurally barred when Jackson's appellate counsel attempted to raise them for the first time on appeal. As a result, Jackson contended in his habeas petition that trial counsel rendered ineffective assistance

2

by failing to: (1) present evidence of the victim's belligerent nature pursuant to Chandler v. State, 261 Ga. 402 (405 SE2d 669) (1991); (2) object to Jackson's absence from two discussions (one in chambers and one at the bench) regarding the use of Chandler evidence; (3) obtain a jury instruction on justification; and (4) request an instruction on voluntary manslaughter. Jackson further contended that his appellate counsel had rendered ineffective assistance by failing to preserve the issue of trial counsel's deficiencies on appeal. The habeas court found that Jackson's appellate counsel performed deficiently by failing to preserve Jackson's claims that trial counsel was ineffective and that Jackson suffered actual prejudice because trial counsel had, in fact, provided ineffective assistance. We disagree.

With regard to Jackson's claims that his appellate counsel rendered ineffective assistance, Jackson is required to

> show that his appellate lawyer rendered deficient performance and that actual prejudice resulted. Strickland v. Washington, [466 U.S. 668, 687 (III), 104 SCt 2052, 80 LE2d 674 (1984)]; Battles v. Chapman, 269 Ga. 702 (506 SE2d 838) (1998); Smith v. Francis, 253 Ga. 782, 783–784 (1) (325 SE2d 362) (1985). With respect to the performance prong, counsel on appeal is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, supra[, 466 U.S.] at 690. Because

3

counsel's performance is considered in light of the circumstances surrounding the representation, reference to hindsight is inappropriate in judging counsel's performance. [Id.] at 689–690. . . . In order to find actual prejudice, a court must conclude that "there is a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's unprofessional errors, the result of the proceeding would have been different [cit.]." Smith v. Francis, supra[, 253 Ga.] at 783(1). An ineffective assistance claim presents a mixed question of fact and law, and we accept the habeas court's findings of fact unless clearly erroneous but independently apply those facts to the law. Strickland v. Washington, supra[, 466 U.S.] at 698; Lajara v. State, 263 Ga. 438, 440 (3) (435 SE2d 600) (1993).

Head v. Ferrell, 274 Ga. 399, 403–404 (V) (554 SE2d 155) (2001). In this context, then, Jackson must show that, had appellate counsel preserved and properly raised claims of ineffective assistance of trial counsel, the results of his direct appeal would have been different. As explained more fully below, Jackson has failed to make this showing, as the record does not support a finding that trial counsel provided ineffective assistance.

2. (a) Jackson contends that trial counsel rendered ineffective assistance by failing to present certain Chandler evidence during his trial. In Chandler, decided under the former Evidence Code of Georgia,[1] this Court created an

---

[1] The Chandler exception is no longer viable under Georgia's new Evidence Code. See Hendrix v. State, 298 Ga. 60, 62 (2) (a) n. 2 (779 SE2d 322) (2015).

4

evidentiary exception to the general rule that evidence of a victim's character is not admissible at trial. Pursuant to this former exception, evidence of specific acts of violence by a victim against third persons could be used where a defendant claims a justification defense, but this could occur only after the defendant satisfied his burden of showing that the <u>Chandler</u> evidence was admissible.

> To meet that burden, the defendant must, at a minimum, (1) follow the procedural requirements for introducing the evidence, (2) establish the existence of prior violent acts by competent evidence, and (3) make a prima facie showing of justification. <u>Laster v. State</u>, 268 Ga. 172, 174 (486 SE2d 153) (1997) (footnotes omitted). The trial court's decision to admit or exclude <u>Chandler</u> evidence is subject to reversal only for abuse of discretion. See <u>Jones v. State</u>, 265 Ga. 138, 141 (454 SE2d 482) (1995).

<u>Spencer v. State</u>, 287 Ga. 434, 436 (2) (a) (696 SE2d 617) (2010).

In this case, however, as found by the trial court, Jackson made no showing of justification for shooting the victim. The evidence shows only that Jackson broke into his girlfriend's home and shot her unarmed father while he was lying on a mattress on the living room floor. At the habeas hearing, Jackson maintained that there was slight evidence of justification based on the cross-examination of his girlfriend during trial and the fact that Jackson first shot the

5

victim in the hand. From this latter fact, Jackson argues that the jury could have inferred that Jackson believed the victim was reaching for a gun. This contention by Jackson, and the concomitant finding by the habeas court, however, are not supported by the trial transcript. The transcript shows that Jackson's trial counsel asked Jackson's girlfriend whether Jackson inquired about the location of her father's gun prior to shooting him. Contrary to Jackson's arguments, Jackson's girlfriend did not respond to this question affirmatively. Instead, she repeatedly responded that she did not remember. In addition, although the testimony supported a finding that Jackson first shot the victim in the hand, the only evidence was that the victim was trying to cover his naked body with a sheet after being confronted. So, there was, in fact, no testimony from Jackson's girlfriend that supported Jackson's contentions of justification, and Jackson, himself, did not testify. In the absence of any evidence of justification, Jackson was not entitled to the admission of <u>Chandler</u> evidence, and trial counsel was not ineffective for failing to file a motion to present this inadmissible evidence. See, e.g., <u>Lupoe v. State</u>, 284 Ga. 576, 580 (3) (f) (669 SE2d 133) (2008) (failure to file meritless motion "cannot amount to ineffective assistance") (citation omitted). Moreover, the evidence shows that Jackson was the aggressor

6

in this situation, forcefully breaking into his girlfriend's house and confronting her family. As the initial aggressor, Jackson was not entitled to the defense of justification. See OCGA § 16–3–21 (b) (3).

(b) Jackson further contends that trial counsel rendered ineffective assistance by failing to object to Jackson's absence from two discussions (one in chambers and one at the bench) regarding the use of Chandler evidence. Specifically, Jackson contends that he could have informed trial counsel what his Chandler witnesses would have said, and he could have reminded trial counsel that some of the potential Chandler witnesses were in the courtroom. As already discussed, however, Jackson was not entitled to present Chandler evidence at trial. As such, he has shown no prejudice with regard to this contention. Head, supra.

(c) Jackson maintains that trial counsel rendered ineffective assistance by failing to insist on a jury instruction regarding justification. A review of the trial transcript shows that, although trial counsel requested such an instruction, the trial court found that there was no evidence of justification and denied the request. As set forth above, the trial court's ruling was proper, and, in any event, trial counsel did, in fact, request an instruction. There was neither deficient

7

representation nor prejudice.

(d) Finally, Jackson contends that trial counsel rendered ineffective assistance by failing to request an instruction on voluntary manslaughter as a lesser included offense of murder. "[A] written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." State v. Alvarado, 260 Ga. 563, 564 (397 SE2d 550) (1990). However, there was no evidence in this case that would have required or supported a charge of voluntary manslaughter. Although Jackson's girlfriend testified that she had been on a date before being attacked by Jackson, she further testified that she never informed Jackson of that fact at any time prior to the attack. See Tepanca v. State, 297 Ga. 47 (4) (771 SE2d 879) (2015).

Accordingly, because the evidence of record did not support a jury charge on voluntary manslaughter, trial counsel was not ineffective for failing to request such an unwarranted instruction. See, e.g., Durden v. State, 293 Ga. 89, 97 (6 ) (a) ( 744 SE2d 9) (2013), overruled on other grounds by Jeffrey v. State, 296 Ga. 713 (770 SE2d 585) (2015).

3. Because trial counsel did not render ineffective assistance in any of the

ways claimed by Jackson, Jackson cannot show that he suffered actual prejudice resulting from his appellant counsel's failure to preserve the issue of trial counsel's performance on direct appeal.

Judgment reversed. All the Justice concur.