## 31681. EVERETT v. THE STATE.

INGRAM, Justice.

James Reginald Everett and Larry Harris were jointly tried and convicted of murder and armed robbery in the Superior Court of Muscogee County. Both defendants were sentenced to life imprisonment for murder and to 20 years imprisonment for armed robbery, the sentences to run concurrently. Harris previously appealed his conviction and this court affirmed it in *Harris v. State,* 236 Ga. 242 (223 SE2d 643) (1976). Defendant Everett now appeals his conviction and relies on three enumerations of error. The facts of the case are set out in *Harris,* supra, and will not be repeated here.

Everett first contends that the trial court erred in charging the jury on the law of conspiracy because there is no evidence in the record to authorize it. This argument was made by Harris in his appeal and determined adversely to him. We reach the same conclusion in this appeal. See *Harris,* supra, at pp. 245-246. There is no merit in this enumeration of error.

Everett next contends that it was error to permit counsel for the co-defendant Harris to cross examine him as an adverse witness before he testified in his own behalf. The argument Everett makes is that under Code Ann. § 38-415 (Rev. 1974), he may take the stand and testify at his option. If the election is made to testify, he is subject to cross examination as any other witness. However, Everett argues that his decision to testify is not binding on him until he actually takes the stand as a witness. Therefore, he contends that to permit cross examination of him before he testified was error.

This procedure is unusual but, under the facts of this case, we do not believe it was error. It is clear from the transcript that both Everett and his counsel agreed to cross examination and Everett voluntarily took the stand for this purpose. In addition, Everett was fully apprised of his Fifth Amendment rights by the trial judge and by his attorney prior to his taking the stand for cross examination. In these circumstances, any objection to the procedure must be considered as waived at the trial. But

see *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856) (1975). We hold this enumeration is without merit.

In his final enumeration, Everett claims that the trial court erred by refusing to sever his case from that of his co-defendant, Harris. Everett argues that the failure to sever his trial was fatally prejudicial because their defenses were absolutely antagonistic, i.e., each blamed the killing and the robbery on the other. In this case, Code Ann. § 27-2101 (Rev. 1972) places trial severance in the discretion of the trial judge because the state waived the death penalty. Everett has failed to show that he was harmed or that the trial judge abused his discretion. See *Allen v. State,* 235 Ga. 709, 712 (221 SE2d 405) (1975). Without a showing of prejudice, the fact that defenses are antagonistic will not require severance. See *Cain v. State,* supra, at p. 129. This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 5, 1976 — DECIDED DECEMBER 1, 1976.

*William J. Schloth,* for appellant.

*E. Mullins Whisnant, District Attorney, William J. Smith, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.