71439. HEARD v. THE STATE.
(341 SE2d 459)

POPE, Judge.

Appellant Gregory Heard was tried and convicted of one count of kidnapping and two counts of aggravated assault. He was sentenced to serve twenty years on each count with the sentences to run concurrently.

1. Appellant alleges that the trial court erred in allowing the State to call appellant as a witness for cross-examination, and to do so without having warned appellant of his constitutional right against self-incrimination. The record shows that on direct examination as a witness for the State, Ronald Cofer identified appellant as the man who pulled a gun on him in an attempt to rob the drugstore in which Cofer worked, and then grabbed another employee, held the gun to

her head, and held her hostage until he had made good his escape from the store. Cofer based his identification on the five minutes he talked with and observed appellant just before the commission of the crimes. He testified that at the time of the crimes he observed that appellant appeared to have a broken front tooth which angled so as to appear to be a gap. During cross-examination of Cofer, counsel for appellant had appellant stand and display his teeth first to Cofer and then to the jury to show that appellant had no broken front tooth. Counsel also asked appellant if he had a broken tooth, to which appellant replied, "I don't."

The State then sought the opportunity to cross-examine appellant in regard to whether he had had his teeth fixed since the time of the crimes. Counsel for appellant had no objection as long as questioning was limited to the issue of appellant's teeth. Questioning was so limited. We note that appellant later took the stand as part of his defense and testified to substantially the same matter covered in the State's earlier cross-examination. In addition, appellant adduced testimony from a dentist that he had never had any of his teeth capped.

We find no error. It is clear from the record that appellant's counsel initiated the chain of events which led appellant to be initially cross-examined by the State, apparently as part of a strategy to prove to the jury that Cofer was mistaken in his identification of appellant as the person who committed the crimes. Counsel for appellant expressly agreed to allow appellant to be taken on cross before he had taken the stand in his own defense. "The defendant in a criminal case may consent to be cross-examined. . . ." *Smith v. State*, 215 Ga. 51, 52 (108 SE2d 688) (1959). Accord *Porch v. State*, 207 Ga. 645 (3) (63 SE2d 902) (1951); *Roberts v. State*, 189 Ga. 36 (1) (5 SE2d 340) (1939). The case of *Everett v. State*, 238 Ga. 80 (230 SE2d 882) (1976), cited by appellant does not require a different result. There, Everett was cross-examined as an adverse witness by counsel for his co-defendent before he testified in his own defense. The court found that Everett and his counsel had agreed to this "unusual" procedure and that Everett voluntarily took the stand. The court found no error. Although in *Everett* the defendant was expressly advised by the court and by counsel of his right against self-incrimination, we do not read the case to require per se that procedure.

2. Appellant next urges that the trial court erred in not holding an evidentiary hearing on his motion to suppress in-court identification testimony outside the presence of the jury. Appellant's reliance on *Holcomb v. State*, 128 Ga. App. 238 (1) (196 SE2d 330) (1973), is misplaced as there was substantial evidence at trial that identification of appellant was independent of the pre-trial photographic line-up. Therefore, admission of the in-court identification evidence was not error. *Coleman v. State*, 150 Ga. App. 380 (1) (258 SE2d 12) (1979).

See also *State v. Peabody*, 247 Ga. 580 (5) (277 SE2d 668) (1981).

3. Appellant argues that the trial court erred in charging the jury that the date alleged in the indictment was not a material element of the indictment because alibi was a part of his defense. The record shows that the date alleged in the indictment and the date proved at trial were the same. We find no reversible error. *McCoy v. State*, 174 Ga. App. 621 (2) (330 SE2d 746) (1985).

4. Appellant argues that the trial court erred in not expressly informing the jury that it could reach separate verdicts on each count. We have examined the charge, and taken as a whole, find no error. It is sufficiently clear that the jury would have understood that it was dealing with three separate counts and was obliged to reach a verdict in each separately.

5. Finally, appellant argues that he was denied effective assistance of counsel. He gives as examples counsel's decision to have appellant display his teeth to Cofer and the jury and then agreeing to the State's cross-examination of appellant on the issue of his teeth; his handling of the motion to suppress identification testimony; and counsel's failure to object to certain hearsay testimony. Applying the test of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), we do not find trial counsel's performance to be so deficient as to show error of such severity that counsel did not function as counsel guaranteed by the Sixth Amendment to the federal constitution, nor do we find that counsel's performance prejudiced appellant's defense. "Although another lawyer may have conducted the defense in a different way, asked different questions, called different witnesses, or taken another course of action, the fact that appellant's trial counsel made decisions during trial with which appellant and his current counsel disagree does not require a finding that the original representation of appellant was so inadequate as to amount to a denial of effective assistance of counsel. [Cits.] Errors of judgment and tactical errors do not constitute the denial of effective assistance of counsel. [Cit.]" *McCloud v. State*, 174 Ga. App. 672, 673 (331 SE2d 54) (1985). Trial counsel's action in regard to each of the areas raised on appeal come within the ambit of trial tactics and strategy and fall within the range of reasonably effective assistance; we further find no prejudice to appellant. See *Gabler v. State*, 177 Ga. App. 3 (2) (338 SE2d 469) (1985). The enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 13, 1986.

*L. David Wolfe*, for appellant.
*Robert E. Wilson, District Attorney, Nelly F. Withers, Robert E.*

*Statham III, Assistant District Attorneys*, for appellee.