## 71726. CLARINGTON v. THE STATE.
(344 SE2d 485)

CARLEY, Judge.

Appellant was tried before a jury and convicted of two counts of

possession of cocaine with intent to distribute and one count of possessing more than an ounce of marijuana. At trial, the following evidence was adduced:

Early on the morning of January 4, 1984, police were called to investigate a burglary at 703 Maple Street. Upon arriving at the scene moments later, the officers noticed an automobile pulling very slowly away from the house. The officers recognized the driver and were aware that he was not licensed. The police stopped the automobile and asked the driver to get out. Appellant, who was a passenger in the automobile, exited first and the driver followed. Appellant began walking back toward the police cruiser. While doing so, appellant began to empty the pockets of his leather jacket. The officers observed him remove a plastic bag containing a white powdery substance. Appellant tried to rip open the bag but failed. He then tossed the bag to the driver who attempted to throw it onto the roof of a nearby house. Both appellant and the driver scuffled with the police officers, but each was eventually subdued and arrested. The contents of the bag proved to be 5.6 grams of cocaine.

Later that same morning, police secured a search warrant for appellant's home which was located at the 703 Maple Street address. Issuance of the warrant was based, in part, on earlier reports that drug traffic was originating from that location. Upon entering appellant's home, the officers found some three ounces of marijuana in a plastic bag hidden in the oven. They also found a set of scales which was covered with a white powdery substance. This substance was later identified as cocaine. At trial, appellant stipulated that the substances in question were indeed marijuana and cocaine.

The trial court overruled appellant's amended motion for new trial. On appeal, appellant contends that the trial court erroneously overruled various "grounds" of the motion for new trial.

1. Appellant made a pre-trial motion to suppress such evidence as was seized at the time of his arrest and in the subsequent search of his home. The trial court denied the motion, and appellant urges that this was error.

Appellant first contends that there was no probable cause for the initial stop of the automobile and that, therefore, his arrest and any seizure incident thereto was improper. Appellant relies on *Kelly v. State*, 129 Ga. App. 131 (198 SE2d 910) (1973). In *Kelly*, this court held that, there having been no occurrence of any unlawful activity during officers' observation of the defendant's vehicle, there was no probable cause to stop it. On its facts, *Kelly* is clearly distinguishable. In the case at bar, the police officers' stop of the automobile was, in part, because they were aware that the driver was not properly licensed. Under these circumstances, the stop of the vehicle was not unauthorized. See generally *State v. Sanders*, 154 Ga. App. 305 (267

SE2d 906) (1980). In addition, the police were responding to a burglary call. In fact, they saw the automobile enter the street from the driveway of the very house where the burglary was reported to have occurred. Under these circumstances, the police had a sufficient "reasonable articulable suspicion" that the persons in the automobile had been or were about to be involved in criminal activity. See *State v. Roberson*, 165 Ga. App. 727 (302 SE2d 591) (1983). Compare *Brooks v. State*, 129 Ga. App. 109 (198 SE2d 892) (1973). The initial detention of the automobile and its occupants was clearly lawful. See *Dillard v. State*, 177 Ga. App. 805 (341 SE2d 310) (1986).

However, appellant further contends that, even if the initial stop was lawful, his subsequent arrest was invalid. He relies on *L. B. B. III v. State*, 129 Ga. App. 163 (198 SE2d 895) (1973). In that case, the arrest resulted from a police search which had been prompted by the observation of " 'common cigarette paper used to roll tobacco' " in the defendant's car. This court noted that cigarette paper is legal and held that the mere fact that police saw it, even when coupled with the belief that the defendant might have had marijuana in his possession at some other time and place, did not render the search and arrest of the defendant lawful. *L. B. B. III* is distinguishable from the instant case. Although there is nothing illegal about a plastic bag, the one appellant removed from his pocket contained a white powdery substance which the police saw and believed to be cocaine. Moreover, appellant tried to throw his package away, tossing it to the driver with the words, "Run man, and get rid of it!" When police caught up with the driver, he dropped the packet of cocaine in plain view of the police. See generally *State v. Swift*, 232 Ga. 535, 536 (2) (207 SE2d 459) (1974). Under the totality of the circumstances, the challenged arrest was clearly legal.

Appellant next asserts that officers lacked probable cause to obtain a warrant to search his home. The evidence presented to establish probable cause must be considered as a whole. *Driscoll v. State*, 129 Ga. App. 702, 704 (201 SE2d 11) (1973). The contraband seized during the arrest, coupled with recent reports of drug trafficking in appellant's home, formed the basis for the affidavit upon which the warrant was issued. This evidence was sufficient to establish probable cause and there was no error in admitting any of the evidence seized pursuant to the warrant. *Driscoll v. State*, supra.

2. Appellant asserts that, even if his motion to suppress was not erroneously denied, the evidence was nonetheless insufficient to support the jury's verdict of guilty. Our review of the record, however, reveals that there was sufficient evidence from which a rational trior of fact could find, beyond a reasonable doubt, that appellant was guilty of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. Appellant next contends that the trial court erred when it charged the jury that "[t]he burden shall be on a defendant to show his authority to possess [cocaine and marijuana] as provided by law." Such a charge is constitutionally erroneous, insofar as it impermissibly shifts the burden of proof from the State to the defendant. *Strong v. State*, 246 Ga. 612, 616 (8) (272 SE2d 281) (1980). However, the fact that such a charge was given does not necessarily render appellant's conviction invalid. The inquiry must be whether the charge was harmful error which contributed to appellant's conviction. See *State v. Moore*, 237 Ga. 269 (1) (227 SE2d 241) (1) (1976); *Wilson v. Zant*, 249 Ga. 373, 380 (3) (290 SE2d 442) (1982).

In the case at bar, whether or not appellant had lawful authorization to possess the cocaine and marijuana was not an issue under either the allegations of the indictment or the evidence at trial. Compare *Strong v. State*, supra. The State's evidence was simply that appellant possessed the contraband, while appellant's defense was simply that he never possessed any drug at all. In connection with the general issues of possession, the jury was charged from the outset that appellant entered upon the trial of the case with the presumption of innocence, and that the State must prove every element of the offense charged beyond a reasonable doubt. As discussed in Division 2, the evidence adduced at trial was sufficient to support appellant's conviction. Under the circumstances of this case, the error in the trial court's charge was harmless. *Wilson v. Zant*, supra at 383-384.

4. In addition to the three drug counts now on appeal, appellant was also indicted for a misdemeanor charge of carrying a concealed weapon. He was originally tried as to all four counts in February of 1984. At that time, appellant was convicted of the weapons charge, but a mistrial was declared as to the drug offenses. Appellant contends that retrying him as to the drug offenses was erroneous because the original trial is res judicata as to those offenses.

Although appellant couches his contention in terms of "res judicata," what he apparently asserts is that the instant retrial subjected him to double jeopardy. However, the initial trial did not result in either appellant's conviction or acquittal as to the drug offenses. OCGA § 16-1-8 (a) (1). The drug charges were all separate felonies and were not lesser included offenses of the misdemeanor firearms charge. See OCGA §§ 16-1-6; 16-1-7 (a). Appellant contends that the original trial was terminated improperly. OCGA § 16-1-8 (a) (2). However, there is no improper termination where, as was true in appellant's original trial, the jury was unable to reach a verdict. OCGA § 16-1-8 (e) (2) (c). There was no double jeopardy error in the instant retrial of appellant for the drug offenses.

5. Appellant contends that his convictions should be reversed because of the ineffective assistance of his trial counsel. Effectiveness of

counsel is determined by looking at the totality of circumstances, not at isolated trial errors. *Dansby v. State*, 165 Ga. App. 41, 43 (2c) (299 SE2d 579) (1983). There is a strong presumption that representation has been effective. *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). Errors in judgment and tactical errors do not establish ineffective assistance. *Hicks v. State*, 169 Ga. App. 542 (314 SE2d 113) (1984). Having reviewed the record and having applied the appropriate standards, we find nothing to support appellant's assertions of ineffective assistance of trial counsel.

6. Appellant urges that it was error to try and to convict him on both Count One and Count Two of the indictment because those counts charge the same offense. As to each count, the indictment did employ identical general language to charge appellant with the offense of possession of cocaine with intent to distribute. The specific allegations as to both counts were likewise identical and consisted only of the date, January 4, 1984, and the county where the alleged crime had occurred.

"Any challenge to the indictment must be made prior to verdict or it is waived. [Cits.]" *Chappell v. State*, 164 Ga. App. 77, 78 (269 SE2d 629) (1982). "After conviction, an indictment will be construed most strongly in favor of the State. [Cit.]" *King v. State*, 103 Ga. App. 272, 275 (119 SE2d 77) (1961). The record reflects that the jury was instructed that Count One pertained to the cocaine seized from appellant at the time of his arrest, while Count Two related to the cocaine found during the subsequent search of his home. Because these two possessory offenses are based upon different factual situations, *State v. Estevez*, 232 Ga. 316 (206 SE2d 475) (1974) does not apply. The evidence shows that appellant had actual possession of one identifiable quantity of cocaine and constructive possession of another entirely separate amount of cocaine at another location. Therefore, it was not error to prosecute him for two offenses. See generally *Franklin v. State*, 166 Ga. App. 375 (304 SE2d 501) (1983).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 7, 1986.

*Lee Darragh, Fred A. Gilbert,* for appellant.

*Willis B. Sparks III, District Attorney, Wayne G. Tillis, Thomas J. Matthews, Jennie E. Rogers, Assistant District Attorneys,* for appellee.