## 74163. THOMPSON v. THE STATE.
### (354 SE2d 20)

DEEN, Presiding Judge.

The appellant, George Wesley Thompson, was convicted of aggravated assault. He was sentenced to eight years' imprisonment, and this appeal followed.

Jimmy Dorsey and other witnesses testified that Thompson sold liquor (usually by the shot) and held crap-shooting games in his house, although the appellant denied this. On February 20, 1986, Dorsey stopped by Thompson's house after work, as was his wont. The big conflict in this case concerns the manner in which Thompson subsequently served Dorsey three shots on the house.

Dorsey stated that while Thompson and some others commenced a crap game in Thompson's bedroom, he stayed in the living room talking with another man. At some point Thompson came out of the bedroom and chastised Dorsey for "raising hell" in his house; Thompson then went back into the bedroom, returned with a pistol, and shot Dorsey in the leg. As Dorsey fell, Thompson shot again but missed, and then fired a third shot which struck Dorsey in the chest. Thompson claimed that he had fetched the pistol after Dorsey had refused to leave, and had shot Dorsey when the latter lurched forward as if to grab the gun. *Held*:

1. In identifying Thompson's pistol, a state's witness volunteered that Thompson had struck him with the same gun. Thompson's counsel moved for a mistrial, but the trial court declined to entertain the motion until later in the proceeding. When the trial court eventually did consider the motion, he denied it but instructed the jury to disregard that volunteered testimony. On appeal, Thompson does not contend that denial of the motion for mistrial was error, but merely that the trial court erred in refusing to hear the motion when initially made. The volunteered testimony in this case would not require reversal, had the denial of the motion been raised, see *Jamison v. State*, 164 Ga. App. 63 (4) (295 SE2d 203) (1982), and the trial court's delay in ruling on the motion did not constitute an abuse of discretion.

2. Following his arrest, the appellant made a custodial statement, but neither the state nor the appellant sought to introduce the statement into evidence at the trial. The appellant contends that the trial court erred in disallowing defense counsel, during opening statement and closing argument, from commenting upon the state's failure to introduce the statement. This contention is without merit. If the appellant really had felt that his custodial statement should have admit-

ted into evidence, he could have introduced it.

3. Thompson contends that the trial court erred in refusing to instruct the jury that Thompson had no duty to retreat in this case. "[W]here self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue, the defense is entitled to a charge on the principles of retreat. . . ." *Johnson v. State*, 253 Ga. 37, 39 (315 SE2d 871) (1984). Because the issue of retreat was not raised by the evidence or placed in issue by either the state or the appellant, the trial court did not err in omitting the requested charge.

4. Thompson also contends that the trial court erred in excluding from evidence a photograph of the doorway between his living room and bedroom, but admitting various photographs introduced by the state. Whatever was depicted by the excluded photograph was shown by other evidence. One photograph of the doorway submitted by the appellant was admitted into evidence; the only difference between it and the excluded photograph was that the latter showed a man holding up a yardstick to measure the width of the doorway. Oral testimony regarding the approximate dimensions of the doorway was also adduced. We are unable to discern how, as maintained by the appellant, this one excluded photograph could have convinced the jury "that Johnny Dorsey did in fact charge against George Thompson with enough force to carry himself into the bedroom (through a narrow doorway) despite the presence of George Thompson and the impact of the bullets." There was no error in excluding that photograph.

The admitted photographs submitted by the state included one of several shotguns that were found in Thompson's living room closet, and photographs of liquor bottles and beer cans in Thompson's backyard. The appellant objected to their admission on the grounds that the photographs were not relevant. The photos of the beer cans and liquor bottles about Thompson's premises corroborated the testimony that Thompson ran a "shot house," and were thus relevant. Whether or not the photo of the shotguns was relevant may be questionable, but we have no doubt that this irrelevant evidence was not prejudicial to the appellant's defense.

5. Viewing the evidence in the light most favorable to the jury verdict, we conclude that the evidence authorized any rational trier of fact to find the appellant guilty beyond a reasonable doubt of aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 18, 1987.

*J. Robert Joiner*, for appellant.

834

Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Wendy Shoob, Assistant District Attorneys, for appellee.