## A99A0249. HAMMOND v. THE STATE.
(515 SE2d 183)

BLACKBURN, Judge.

Ronald Hammond appeals from his conviction for criminal trespass following a bench trial. Hammond contends that there was insufficient evidence to support the conviction. He also contends that the trial court erred (1) by finding the criminal trespass statute could bar entry on property for the purpose of sleeping and (2) by excluding certain witness testimony. For the reasons set forth below, we affirm.

> On appeal the evidence must be viewed in the light most favorable to support the verdict, and [Hammond] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation omitted.) *Barber v. State*, 235 Ga. App. 170 (509 SE2d 93) (1998). See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence shows that Hammond awoke after midnight on July 25, 1997, to find that he had been locked in the University of Georgia's (UGA) main library. Hammond activated an alarm in the building to alert UGA personnel. Officer Decocq of the UGA Police Department responded to the call. After Officer Decocq checked Hammond's identification and determined that he was not a student, Officer Decocq issued to Hammond a barring notice for a period of one year. The notice read:

> In accordance with Section 16-7-21 of the Official Code of Georgia, you are hereby notified that you are prohibited from going upon the property specified below: All UGA buildings. For the purpose of sleeping inside the buildings. Was found in the Main Library on 072597 at 0100 hrs. He stated that he fell asleep. You are prohibited from entering upon the above-described property. If you enter such property, you will be subject to being arrested and charged with

Criminal Trespass as provided in Section 16-7-21 of the Official Code of Georgia.[1]

Thereafter, Hammond spoke with Captain Lisa Boone of the UGA Police Department who told him that the notice barred him from entering UGA buildings for the purpose of sleeping. Hammond was arrested on November 16, 1997, and charged with criminal trespass after he was found asleep on a couch in the Tate Student Center around midnight.

1. Hammond contends there was insufficient evidence to convict him of criminal trespass.

A person commits the offense of criminal trespass when he or she knowingly and without authority: . . . [e]nters upon the land or premises of another person . . . after receiving, prior to such entry, notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant that such entry is forbidden.

OCGA § 16-7-21 (b) (2). Here Hammond had been warned that he could not enter UGA property for the purpose of sleeping. He was found sleeping on UGA property late at night. The evidence was sufficient to authorize his conviction for criminal trespass. See *Jackson*, supra.

2. Hammond contends the trial court erred in finding that he violated the criminal trespass statute, arguing that the barring notice was invalid and vague. Hammond contends that the barring notice was invalid because, while a barring notice can bar entry completely, it cannot bar entry for a specific purpose. We disagree. A property owner can bar entry completely or can choose to be more lenient and bar entry for a specific purpose, so long as the notice requirements of OCGA § 16-7-21 (b) are met. Similarly, Hammond argues that because the barring notice did not completely prohibit entry onto UGA property, it was vague. However, Hammond testified that he understood that the notice barred entry upon UGA property for the purpose of sleeping and that he risked arrest for criminal trespass for such behavior. Clearly, the barring notice provided Hammond with adequate notice. The trial court did not err.

3. Hammond contends the trial court erroneously excluded certain witness testimony about Hammond's conversation with Captain Boone. However, the substance of Hammond's conversation with Captain Boone was introduced into evidence by Hammond's own tes-

---

[1] The underlined portion was written by Officer Decocq on the barring notice form.

timony, and therefore, the excluded evidence was cumulative. "The admissibility of evidence is within the sound discretion of the trial judge and in view of the cumulative nature of the excluded evidence, any error in excluding same was harmless." *Stewart v. State*, 210 Ga. App. 474, 478 (10) (436 SE2d 679) (1993).

*Judgment affirmed. Beasley, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MARCH 25, 1999.

*Deborah L. Gowen*, for appellant.
*Kenneth W. Mauldin, Solicitor, Karl D. Cooke, Jr., Assistant Solicitor*, for appellee.