## A00A1255. ELLIS v. THE STATE.
### (539 SE2d 184)

BLACKBURN, Presiding Judge.

Stacy Lopez Ellis appeals from his conviction of aggravated battery, contending that the evidence was insufficient to support his conviction. Ellis also contends the trial court erred by failing to charge on the definition of malice and by failing to charge on the duty to retreat. Because we find that the evidence was sufficient and that the jury was properly charged, we affirm.

On appeal from a criminal conviction,

> the evidence must be viewed in the light most favorable to support the verdict, and [Ellis] no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. The verdict must be upheld if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

*Ryals v. State;*[1] see *Jackson v. Virginia.*[2]

So viewed, the evidence at trial showed that on May 9, 1998, defendant Ellis and Tammy Brownlee spent the day together, eating fish and drinking. In the evening of May 9, 1998, the two decided to stay at Ellis' apartment. While they were in bed, another girl whom Ellis had been dating called. Brownlee became angry and decided to go home. Ellis and Brownlee struggled while she was dressing. When Brownlee attempted to leave by the front door, Ellis shut the door and told her she could not go home. The two continued to argue. Eventually, Brownlee left the apartment and went to her car. Ellis followed her to the car and, as Brownlee attempted to start it, snatched the keys from the ignition. Brownlee jumped out of the car, yelling at Ellis, "What are you going to do, hit me?" Whereupon, Ellis hit her. Brownlee suffered a broken jaw which had to be surgically repaired.

1. Pursuant to OCGA § 16-5-24,

> [a] person commits the offense of aggravated battery when he or she maliciously causes bodily harm to another by depriving him or her of a member of his or her body, by rendering a member of his or her body useless, or by seriously disfiguring his or her body or a member thereof.

---

[1] *Ryals v. State*, 238 Ga. App. 578 (519 SE2d 505) (1999).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

The evidence here is sufficient to authorize the jury's verdict that Ellis is guilty beyond a reasonable doubt of aggravated battery upon Brownlee. See *Jackson*, supra.

2. Ellis contends the trial court erred in failing to give a jury charge on the definition of "maliciously" as it applies to aggravated battery. "Maliciously" has such common understanding that there is no need to define it in the jury charge. *Webb v. State*;[3] see *Green v. State*.[4] The trial court properly instructed the jury on the elements of the offense of aggravated battery, intent, and the State's burden to prove each element beyond a reasonable doubt. There was no error in the court's failure to charge the jury on the definition of "maliciously."

3. Ellis also contends the trial court erred in the charge by failing to instruct the jury on the lack of duty to retreat, despite Ellis' failure to request such a charge. See *Jackson v. State*.[5] In *Johnson v. State*,[6] the Supreme Court observed that OCGA § 16-3-21 (a) is silent as to the duty to retreat in self-defense cases. However, under the common law, a defendant claiming self-defense had no duty to retreat if he was not the aggressor. *Glover v. State*.[7] Finding that the silence of the Code was not intended to eliminate this principle, the Court held: "where self-defense is the sole defense, and the issue of retreat is raised by the evidence or placed in issue, the defense is entitled to a charge on the principles of retreat as set forth in *Glover*." *Johnson*, supra at 39.[8] See also *Bracewell v. State*[9] (addressing the standard for justification under the common law and the Code).

In *Johnson*, supra, the defendant and the victim were involved in an argument in a bar. The victim assaulted the defendant and pushed her into a booth. The defendant then shot the victim when he approached her with a bar stool. The defendant claimed self-defense. At trial, the State countered this defense by arguing that the defendant could have run away and questioned the defendant on cross-examination why she did not leave. Under those facts, the Supreme Court found it was error not to charge the jury on the affirmative defense of the defendant's lack of a duty to retreat.

Similarly in *Jackson v. State*, supra, the trial court's failure to charge the jury on the lack of a duty to retreat was reversible error because the issue of retreat had been raised by the State. In that case, Jackson was confronted inside an apartment by another man

---

[3] *Webb v. State*, 228 Ga. App. 624-625 (1) (492 SE2d 312) (1997).

[4] *Green v. State*, 266 Ga. 550, 551 (2) (468 SE2d 365) (1996).

[5] *Jackson v. State*, 237 Ga. App. 746 (516 SE2d 792) (1999).

[6] *Johnson v. State*, 253 Ga. 37 (315 SE2d 871) (1984).

[7] *Glover v. State*, 105 Ga. 597 (31 SE 584) (1898).

[8] The *Johnson* opinion observed that OCGA § 16-3-21 (a) is silent as to the duty to retreat in self-defense cases.

[9] *Bracewell v. State*, 243 Ga. App. 792 (534 SE2d 494) (2000).

who was angry with Jackson over some clothes. The evidence at trial showed that Jackson did not want to fight and that even after Jackson showed the man a gun, the man persisted and would not back off. After the man who lived in the apartment ordered the two outside, Jackson shot the angry man, who was unarmed. Jackson claimed self-defense. To counter the claim of self-defense, the prosecutor asked Jackson, "Did it ever occur to you that all you had to do was run away from an unarmed man?" In closing argument, the prosecution argued that Jackson could have avoided shooting the man simply by running away.

Here, unlike *Johnson* or *Jackson v. State*, Ellis' claim of self-defense was not countered by an assertion that he could have avoided the confrontation. Thus, whether Ellis could have or should have retreated was not placed in issue by either the State or the defendant.

Moreover, this case also differs from *Johnson* and *Jackson v. State* in that there is no evidence that the victim Brownlee attacked Ellis before he punched her. Ellis testified that, as Brownlee was leaving in her car, he turned to return to the apartment. Brownlee then got out of her car yelling, "What are you going to do, hit me?" Ellis further testified that he turned around to face Brownlee, saw her raised arms, and hit her in a reflex reaction.

Since the issue of retreat was not raised by the evidence or placed in issue, the trial court did not err in failing to charge the jury on the duty to retreat. *Thompson v. State*.[10]

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED SEPTEMBER 7, 2000.

*Emmett J. Arnold IV*, for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Lalaine A. Briones, Assistant District Attorneys*, for appellee.

---

[10] *Thompson v. State*, 181 Ga. App. 832, 833 (3) (354 SE2d 20) (1987).