A01A1010. BILLINGS v. THE STATE.
(558 SE2d 10)

RUFFIN, Judge.

A jury found Cara Billings guilty of possessing cocaine.[1] On appeal, Billings contends that the trial court erred in allowing the State to make inappropriate comments during opening statements; limiting his cross-examination of a witness; hampering his ability to

---

[3] See *Shuman v. State*, 244 Ga. App. 335, 337 (3) (535 SE2d 526) (2000).
[4] See *Gulley v. State*, 271 Ga. 337, 339-340 (2) (519 SE2d 655) (1999).
[1] Although Billings had been indicted for possessing cocaine with intent to distribute, the jury acquitted him of this greater charge.

impeach a witness; and failing to give a written request to charge the jury. For reasons that follow, we affirm.

The record demonstrates that agents from the Hall County Multi-Agency Narcotics Squad (MANS) received complaints that drugs were being sold from an apartment complex. On June 11, 1999, the agents placed the complex under surveillance. The agents saw Billings with Lorenzo Young, who had several prior convictions for drug sales. Within twenty minutes, the agents observed the two men engaged in what the agents believed to be two drug transactions.

Following the second transaction, Billings placed a cigarette pack on the ground. According to Agent Marcus Neville, it is not uncommon for drug dealers to hide their drugs nearby rather than keeping the drugs on their person. The agents then approached Billings and discovered that the cigarette pack contained six pieces of crack cocaine. Billings was arrested and charged with possession of cocaine with intent to distribute. In a statement Billings gave to police, he claimed that the cigarette pack, which he thought contained marijuana, belonged to Young. However, Billings also acknowledged that he knew the pack contained crack cocaine.

Prior to trial, Young pled guilty to possessing cocaine with intent to distribute, and he testified for the State. According to Young, Billings knew that the cigarette pack contained cocaine.

Based upon this evidence, the jury found Billings guilty of possessing cocaine.

1. In his first enumeration of error on appeal, Billings contends that the trial court erred in permitting the prosecutor to make "improper and inflammatory argument" during opening statements. Specifically, Billings objects to the prosecutor's opening by telling jurors, "Welcome to your part in the war on drugs."

"The purpose of the opening statement is to give the jury and the court an outline of the evidence that the party anticipates presenting."[2] It is not time for an attorney to argue the case.[3] Informing jurors during opening statements that they are participating in the war on drugs serves no legitimate purpose, and such statement may serve "to inflame the minds of the jury against the defendant."[4] Accordingly, we agree that the trial court abused its discretion in failing to sustain Billings' objection to the prosecutor's comment. Nevertheless, we do not agree that reversal is required.

Here, the record provides ample evidence that Billings was guilty of possessing cocaine, including evidence that two MANS

---

[2] *Miller v. State*, 243 Ga. App. 764, 766 (7) (533 SE2d 787) (2000).
[3] See id.; see also *Watson v. State*, 137 Ga. App. 530-531 (1) (224 SE2d 446) (1976), overruled on other grounds, *Quick v. State*, 139 Ga. App. 440 (228 SE2d 592) (1976).
[4] *Watson*, supra at 530 (1).

agents saw him with the cigarette pack that contained the cocaine and that Billings acknowledged holding the cigarette pack.[5] Under these circumstances, we are persuaded that any error on the part of the trial court was harmless.[6]

2. Billings asserts that the trial court erred in improperly limiting his cross-examination of Young. While Young was on cross-examination, Billings' attorney asked him to "[t]ell the jury where you bought the cocaine from that you were selling." The State objected to the question on relevance, and the trial court sustained the objection. On appeal, Billings asserts that "the trial court abused its[ ] discretion by unfairly limiting the scope of [his] cross-examination" of Young. We disagree.

Every defendant has the right to a thorough and sifting cross-examination of witnesses.[7] "However, the extent of cross-examination can be curtailed if the inquiry is not relevant or material, and such restriction lies within the discretion of the trial court which will not be disturbed on appeal unless manifestly abused."[8] We fail to see how the name of the individual who sold Young the cocaine is relevant to any issue at trial. To the extent that Billings suggests he was attempting to test Young's memory, accuracy, and/or veracity, this argument lacks merit. As Billings made no proffer that he actually knew the name of the individual who sold Young the drugs, Young's answer would not have provided jurors any insight into Young's memory or veracity. Under these circumstances, the trial court did not abuse its discretion in limiting Billings' cross-examination of Young.

3. Prior to Young's guilty plea, the State provided notice of its intent to introduce evidence of similar transactions against Young should the case against him go to trial. During Billings' cross-examination of Young, Billings attempted to tender the notice into evidence. According to Billings, he sought to introduce the notice against Young to establish Young's guilt and argue that, since no such notice was introduced against Billings, it was less likely that he was guilty. On appeal, Billings challenges the trial court's decision to exclude the exhibit.

"As a general rule, the admission of evidence is a matter resting within the sound discretion of the trial court, and unless an abuse of

---

[5] Although Billings claimed that he thought the pack contained marijuana, his statement was equivocal on this point. Moreover, Billings was present during two drug sales. Thus, the jury had abundant evidence to support the conclusion that Billings knew the cigarette pack actually contained cocaine.

[6] *Hartry v. State*, 270 Ga. 596, 599-600 (2) (512 SE2d 251) (1999).

[7] See OCGA § 24-9-64.

[8] (Punctuation omitted.) *Stevens v. State*, 213 Ga. App. 293, 294 (2) (444 SE2d 840) (1994).

that discretion is shown, the court's decision will not be disturbed."[9] In this case, the trial court permitted Billings to question Young extensively about his prior criminal convictions, and certified copies of his convictions were tendered. Thus, to the extent that Young's criminal past was probative of Billings' possible innocence, the evidence was before the jury. The actual notice of the State's intent to introduce similar transactions against Young would have been largely cumulative, and a trial court does not abuse its discretion in excluding cumulative evidence.[10]

4. In his final enumeration of error, Billings contends that the trial court erred in refusing to give his requested jury charge on "mere presence," which he contends was his sole defense. Initially, we note that "mere presence at the scene of the crime is not a recognized defense to a criminal charge. Rather, the rule that mere presence without more is insufficient to convict is really a corollary to the requirement that the state prove each element of the offense charged."[11] Moreover, the record demonstrates that mere presence was not, in fact, Billings' defense. Billings was convicted of possessing cocaine, and the two MANS agents saw Billings holding the cigarette pack that contained the cocaine. Although Billings asserted that he thought the cigarette pack contained marijuana, a belief that one possesses different contraband does not equate to mere presence. Thus, Billings' mere presence was not an issue at trial, and a trial court does not err in refusing to give a charge that is not raised by the evidence.[12]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 22, 2001 —
RECONSIDERATION DENIED AUGUST 31, 2001 — 

*Summer & Summer, Daniel A. Summer*, for appellant.

*Lydia J. Sartain, District Attorney, Jennifer C. Bagwell, Assistant District Attorney*, for appellee.

---

[9] *Griffin v. State*, 243 Ga. App. 282, 285 (4) (531 SE2d 175) (2000).
[10] See *Hammond v. State*, 237 Ga. App. 238, 240 (3) (515 SE2d 183) (1999).
[11] (Punctuation omitted.) *Key v. State*, 226 Ga. App. 240, 244 (4) (485 SE2d 804) (1997).
[12] See *Ellis v. State*, 245 Ga. App. 807, 809 (3) (539 SE2d 184) (2000).