A02A1793. ENGLISH v. THE STATE.
(580 SE2d 351)

BARNES, Judge.

Antonio Ellis English appeals his convictions for possession of cocaine with intent to distribute, possession of cocaine with intent to distribute within 1,000 feet of public housing, abandonment of a controlled substance, and obstruction of an officer. He contends the trial court erred by allowing the prosecutor to refer to the war on drugs in her opening statement, allowing in evidence a statement he gave without proper *Miranda* warnings, limiting his testimony about his companion's criminal history, and denying his motion for a new trial based on the ineffectiveness of his trial defense counsel. For the reasons stated below, we affirm.

Considered in the light most favorable to the jury's verdict, the evidence shows that English and a man named Rucker were walking down a street when the Multi-Agency Narcotics Squad passed in their van. Believing that English and Rucker had recognized them, the agents watched them and saw English walk over on the grass and appear to drop something. After the van stopped, an agent ran to the spot and retrieved what turned out to be 2.4 grams of crack cocaine. While this was going on, English continued to walk away. When the agents identified themselves as police officers, he attempted to run away, but he was apprehended in a nearby public housing complex. Over $500 in cash was found on his person. An agent, who was qualified as an expert, testified that the amount of cocaine that English discarded was more than that which would be used for personal consumption.

After he was found guilty and sentenced, English filed a motion for new trial and amended motions that asserted, among other grounds, that his defense counsel was ineffective. When these motions were denied, English filed this appeal.

1. English alleges that the prosecutor's comments about the war on drugs exceeded the proper bounds of an opening statement. Because English did not object to these comments below, however, we cannot consider this issue on appeal. *Strong v. State*, 263 Ga. 587, 589 (3) (436 SE2d 213) (1993). We will examine this issue further while considering English's allegation that his trial defense counsel was ineffective because he failed to object to this argument.

2. English alleges the trial court erred by allowing in evidence statements he made to the arresting officers at the scene of his apprehension because he had not waived his rights under *Miranda v. Arizona*, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). Although the State acknowledges that English was not warned of his rights before he responded to the agents questioning by saying that he was unemployed and had over $500 in his possession, the State contends that the absence of such warnings was unimportant because the trial court found that these questions fell under the "routine booking questions" exception to *Miranda*. See *Franks v. State*, 268 Ga. 238, 239 (486 SE2d 594) (1997).

When a defendant objects to admission of his statements to the police, the State must prove, by a preponderance of the evidence, that the statement was voluntary, and, if it was the product of a police custodial interrogation, that the statement was preceded by the defendant's knowing and voluntary waiver of his *Miranda* rights. *Brooks v. State*, 244 Ga. 574, 581 (2) (261 SE2d 379) (1979), vacated and remanded on other grounds, 446 U. S. 961 (100 SC 2937, 64 LE2d 821) (1980). A "trial court's determination of whether an 'interrogation' occurred will be upheld on appeal unless clearly erroneous." *Franks v. State*, supra, 268 Ga. at 242.

The transcript of the *Jackson-Denno* hearing shows that after English was placed under arrest, he was not read his rights because, in the officer's opinion, he was not going to ask him any questions pertaining to the case. Then, while filling out "administrative paperwork" that the officer fills out on everyone he arrests or comes into contact with during an official investigation, the officer asked English "his name, date of birth, address, the relatives, occupation, education level, things of that nature." According to the officer, the information is not sought to gather incriminating responses, but to "be able to track that person, find them later, be able to keep up with them." In response to a question about his occupation, English replied that he did construction work, but had not worked in a month or a month and a half. Further, the officer also asked English where he got the $565 that was found on his person. English said that he got the money from work.

At the conclusion of the *Jackson-Denno* hearing, the trial court ruled that the State could not "go into how did you get the money,"

but allowed the officer to testify about English's response to the question about his occupation.

> In *Rhode Island v. Innis*, 446 U. S. 291, 300-301 (100 SC 1682, 64 LE2d 297) (1980), the U. S. Supreme Court defined the "interrogation" which must be preceded by *Miranda* warnings as the express questioning of a person in custody or its functional equivalent[,] that is, any words or actions on the part of the police other than those normally attendant to arrest and custody that the police should know are reasonably likely to elicit an incriminating response from the suspect.

(Punctuation omitted.) *Walton v. State*, 267 Ga. 713, 717 (4) (482 SE2d 330) (1997); *Hibbert v. State*, 195 Ga. App. 235, 236 (393 SE2d 96) (1990).

The rationale for this rule is that these administrative "questions asked during booking . . . are generally unrelated to the crime and are therefore unlikely to elicit an incriminating response." *Franks v. State*, supra, 268 Ga. at 240. Therefore, even though the questions in this case were not asked during English's booking, the questions were asked during administrative processing, and nothing in the questions indicate that the officer was seeking an incriminating response.

Thus, considering the context of the questioning, the officer's intent, and the relationship of the question to the crime, *Franks v. State*, supra, 268 Ga. at 240, we do not find clearly erroneous the trial court's conclusion that English's statement was not a response to custodial interrogation within the meaning of *Miranda*. *Brooks v. State*, 237 Ga. App. 546, 547 (1) (515 SE2d 851) (1999).

3. English also contends the trial court erred by limiting his testimony about Rucker's prior criminal conduct and criminal history. The transcript shows that when English attempted to testify about Rucker's theft and drug use and also sought to introduce certified copies of Rucker's earlier convictions for drug offenses, the State objected because the matters English wanted to introduce were not relevant. Specifically, English sought to testify that he saw Rucker use cocaine "about twice" and that on one occasion Rucker told him that he stole some shoes. He asserted that the purpose of the testimony was to explain the circumstances of English's arrest and describe the person who was also present. The trial court, however, ruled that this information was not relevant.

As a general rule, admission of evidence is a matter resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its

abuse. *Whisnant v. State*, 178 Ga. App. 742, 743 (1) (344 SE2d 536) (1986). Here, the evidence English sought to introduce was not relevant to any issue before the court. Therefore, it was not error to exclude this evidence that was unrelated to any issue at trial. *Sleeth v. State*, 197 Ga. App. 349, 350 (3) (398 SE2d 298) (1990).

4. English contends the trial court erred by denying his motion for new trial because his trial defense counsel was ineffective. Although his motions for a new trial raised other grounds in the trial court, on appeal, he contends his counsel was ineffective because he (a) did not ask for a continuance, (b) did not object to the prosecutor's comments about the war on drugs, (c) failed to object to the officer's qualifications as an expert in narcotics investigations, to the officer's testimony about his training and experience, and to the State's cross-examination about English's failure to appear in court, and (d) failed to object to the court adding "alone" to the charge on circumstantial evidence or reserve his rights to object to the charge.

To prevail on this claim, English has the burden of establishing that his trial defense counsel's performance was deficient and the deficient performance prejudiced his defense. *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). In doing so, he had to show a reasonable probability existed that the result of his trial would have been different, but for his defense counsel's unprofessional deficiencies, *Baggett v. State*, 257 Ga. 735 (1) (363 SE2d 257) (1988), and he also must overcome the strong presumption that the representation was effective. *Clarington v. State*, 178 Ga. App. 663, 667 (5) (344 SE2d 485) (1986). We reject English's contention that because his counsel was inexperienced there is no presumption of effectiveness. See *Stephens v. State*, 265 Ga. 120, 121 (2) (453 SE2d 443) (1995).[1] Additionally, we measure the trial defense counsel's performance under the circumstances existing at trial and not with the benefit of hindsight. *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d 362) (1985).

At the hearing on the motion for new trial, the trial defense counsel testified that he passed the bar in July 1999, and at the time of trial he had been practicing for about one year and two months. He had second-chaired two criminal cases and was lead counsel on one other case before this trial.

He was appointed to represent English on a Tuesday, and the trial began the following Monday. Although he tried to meet with English sooner, he was unable to do so until the Friday before trial. Shortly after his appointment, English's previous counsel provided

---

[1] The record shows also that the lead trial defense counsel was assisted by more experienced counsel who had been in practice for over ten years.

him with his file on the case that contained "a great deal of discovery."

He discussed with English the possibility of seeking a continuance to further investigate English's employment history, but English wanted to proceed with the trial. This testimony is confirmed by the transcript of the start of the trial:

> THE COURT: We might put it on the record that [the trial defense counsel] was appointed last week, but [he] stated when he was called that he was ready to go to trial because Mr. English has made it a point that he wants to go to trial and did not want another continuance. Is that right Mr. English?
>
> [ENGLISH]: Whew. Yes, ma'am, I suppose it is because I've been put off so long.
>
> THE COURT: I know. And that's one of the reasons that we called around and found an attorney that would be willing to jump right in.
>
> [ENGLISH]: One that was competent enough to handle it.
>
> THE COURT: And there were no conflicts with.
>
> [TRIAL DEFENSE COUNSEL]: Your Honor, just for the record, that is the only reason we did not request a continuance in this matter.

He also testified that he did not object to the prosecutor's comments about the war on drugs because the defense's main point was that English was not a part of activities that were the object of the war on drugs and wanted to avoid conveying to the jury that the defense was opposed to the war on drugs. His general strategy on not objecting was that the defense had nothing to hide. The defense theory was that English was walking down the street and for no good cause he was stopped by the police. Defense counsel further testified that he did not object to the qualification of the officer as an expert because he was familiar with the officer's qualifications and expected that he would be qualified regardless of his objection.

The defense counsel testified that he could not recall whether he reserved the objections to the charge, but if he did not it was because he had made objections to the charge at the charging conference. He did not recall whether he was aware at the time of the trial that he could reserve his objections to the charge.

(a) Based upon the record established at the trial and during the motion for new trial hearing, we find no support for English's current allegation that his counsel was ineffective because he failed to request a continuance. Proceeding to trial as scheduled was important to English, and counsel merely acceded to his wishes.

Further, no specified amount of time exists on "which a counsel must spend in preparation for trial; each situation must be judged upon its own circumstances and in light of its own degree of complexity." *Datz v. State*, 210 Ga. App. 517, 518 (3) (a) (436 SE2d 506) (1993). Considering the testimony in this case, we do not find that counsel's performance was deficient because he did not request a continuance.

(b) Further, based on counsel's testimony at the motion for new trial hearing, we find the failure of trial defense counsel to object to the prosecutor's comments about the war on drugs, the officer's qualifications as a narcotics expert, and his training and experience was part of the trial strategy counsel pursued. Assuming that the failure to object on these occasions was a mistake, it is not apparent that they constitute the ineffective assistance of counsel. Judgmental and tactical errors do not always equate ineffective assistance of counsel. *Clarington*, supra, 178 Ga. App. at 667 (5). Although another trial defense counsel may have followed a different strategy, this does not mean that English's trial counsel's strategy constituted the denial of effective assistance of counsel. *Heard v. State*, 177 Ga. App. 802, 804 (5) (341 SE2d 459) (1986).

We note again, however, that

> [t]he purpose of the opening statement is to give the jury and the court an outline of the evidence that the party anticipates presenting. It is not time for an attorney to argue the case. Informing jurors during opening statements that they are participating in the war on drugs serves no legitimate purpose, and such statement may serve to inflame the minds of the jury against the defendant.

(Punctuation and footnotes omitted.) *Billings v. State*, 251 Ga. App. 432, 433 (1) (558 SE2d 10) (2001). Further,

> [t]he purpose of the opening statement is to give the jury and the court an outline of the evidence that the party anticipates presenting, whereas the purpose of the closing argument is to recount the evidence presented and suggest the conclusion demanded by that evidence. The trial court has the right and duty to govern the scope of argument both before and after the presentation of evidence, and the proper range of argument is a matter within the court's discretion.

(Footnotes omitted.) *Miller v. State*, 243 Ga. App. 764, 766 (7) (533 SE2d 787) (2000).

(c) In addition to the issues discussed above in subdivision (b) about his counsel's failure to object, English also contends his

defense counsel was ineffective because he did not object when the prosecutor cross-examined him about his failure to file an answer to the civil forfeiture complaint concerning the money seized when he was arrested, about his failure to appear in court, and about a bench warrant for him and introduced the bench warrant in evidence. As English has done nothing more than make this assertion without arguing why or how this failure constituted ineffective assistance of counsel or citing authority to that effect, and he has not argued how this error, if it was such, affected the outcome of the trial, we find that he has waived this issue. Court of Appeals Rule 27 (c) (2).

(d) Moreover, even though the trial defense counsel's testimony showed that he had misconceptions about the rules concerning objections to the trial court's charge, we find that his failure to reserve objections to the charge did not constitute the ineffective assistance of counsel. Error by counsel, even if professionally unreasonable, does not warrant reversal if the error had no effect on the judgment. *Goodwin v. Cruz-Padillo*, 265 Ga. 614, 615 (458 SE2d 623) (1995). Here, because English has not asserted any other errors in the charge he was prevented from raising on appeal, the failure to reserve objections had no effect. Further, his failure to object to the prosecutor's suggestion to add the word "alone" to the charge on circumstantial evidence also had no effect because adding "alone" to the charge is not error. See *Johnson v. State*, 251 Ga. App. 455, 458 (4) (554 SE2d 587) (2001); *Martin v. State*, 235 Ga. App. 844-845 (2) (510 SE2d 602) (1998).

Therefore, considering the totality of the trial and not just appellant's allegations of isolated errors, *Clarington*, supra, 178 Ga. App. at 666-667 (5), we are satisfied that English has not met his burden under *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), of showing that his counsel's performance was deficient and that this deficient performance prejudiced his defense. Thus, this enumeration of error is also without merit.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED MARCH 27, 2003.

*H. Bradford Morris, Jr.*, for appellant.

*Jason J. Deal, District Attorney, Jennifer C. Bagwell, Assistant District Attorney*, for appellee.