## A03A0273. WOODALL v. THE STATE.
(582 SE2d 466)

BARNES, Judge.

Charles Henry Woodall, Jr. appeals his conviction of child molestation by unlawfully performing an immoral and indecent act on his cousin, a child under 16 years of age, by touching her vaginal area. Although Woodall was also charged with forcible rape and enticing a child for indecent purposes, he was acquitted of those charges.

Woodall's sole enumeration of error contends he was denied the

---

[9] 258 Ga. 539 (371 SE2d 864) (1988).
[10] Id. at 539-540.

effective assistance of defense counsel. Woodall does not, however, contest the sufficiency of the evidence to sustain his conviction.

Woodall asserts that his defense counsel was ineffective within the meaning of *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984), because:

a. He "failed to cross examine the complaining female regarding the only count of the three count indictment on which Woodall was convicted, for the reason that he forgot to do so."

b. Extensive prejudicial hearsay was admitted without objection.

c. Extensive prejudicial and inadmissible opinion testimony on the ultimate issue of rape was admitted without objection, even though counsel filed a motion in limine to limit the use of the word "rape" without obtaining a ruling on the motion.

d. "Extensive inadmissible, irrelevant and prejudicial testimony of unconnected independent alleged instances was admitted without a proper foundation being laid, even though defense counsel had filed a pre-trial motion requesting disclosure of the same, upon which motion he apparently never obtained a ruling."

e. Defense counsel did not know how to authenticate a business record.

f. Woodall's rights to the presumption of innocence and proof beyond a reasonable doubt were violated without objection.

g. Defense counsel did not object to improper comments made by the district attorney, and

h. Defense counsel's closing argument was inadequate.

Although Woodall raised these allegations in his amended motion for new trial, he did not request an evidentiary hearing on his motion. Thus, the trial court ultimately denied the motion without specifically addressing the grounds asserted. On appeal, this court will affirm the finding of the trial court that a defendant was not denied the effective assistance of counsel unless the finding is clearly erroneous. *Kelly v. State*, 267 Ga. 252, 253 (2) (477 SE2d 110) (1996).

Woodall had the burden of establishing that his trial defense counsel's performance was deficient and the deficient performance prejudiced his defense. *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). To prevail, he was required to show a reasonable probability existed that the result of his trial would have been different, but for his defense counsel's unprofessional deficiencies. *Baggett v. State*, 257 Ga. 735 (1) (363 SE2d 257) (1988), and in doing so he was required to overcome the strong presumption that the representation was effective. *Clarington v. State*, 178 Ga. App. 663, 667 (5) (344 SE2d 485) (1986).

Additionally, appellate courts measure a defense counsel's performance under the circumstances existing at trial and not with the benefit of hindsight. *Smith v. Francis*, 253 Ga. 782, 783 (1) (325 SE2d

362) (1985). Judgmental and tactical errors do not always equal ineffective assistance of counsel. *Clarington,* supra, 178 Ga. App. at 667. Even though another trial defense counsel may have pursued a different strategy or tactic, this does not constitute a denial of the effective assistance of counsel. *Heard v. State,* 177 Ga. App. 802, 804 (5) (341 SE2d 459) (1986). Further, error by counsel, even if unreasonable professionally, does not warrant reversal if the error had no effect on the judgment. *Goodwin v. Cruz-Padillo,* 265 Ga. 614, 615 (458 SE2d 623) (1995). Additionally, by his failure to request an evidentiary hearing on his motion, Woodall has significantly undermined his argument, because counsel's actions are presumed to be strategic in the absence of testimony to the contrary. *Earnest v. State,* 262 Ga. 494, 496-497 (5) (422 SE2d 188) (1992).

1. Woodall's allegation regarding the failure to cross-examine the alleged victim of the child molestation is based on a comment made by the defense counsel at the hearing on sentencing. According to Woodall, the defense counsel stated that he "forgot" to cross-examine the alleged victim about this charge and a juror told the defense counsel that this was a significant factor in Woodall's conviction.

Review of the transcript, however, shows that counsel made no such statement. Instead, the defense counsel said,

> In speaking with the jurors after the case, I understand basically what happened is that I did not, apparently, disprove specifically the couch incident in which it was alleged that Mr. Woodall touched on the outside of the clothing while on the couch under some kind of a cover. And apparently because there was no specific, according to the jurors — and this was news to me. I thought we had specifically denied everything. That was my understanding. That was Mr. Woodall's position.

Therefore, based on what his counsel actually said at the sentencing hearing, Woodall's allegation is not supported by the evidence.

2. Woodall also alleges that his defense counsel was ineffective because he allowed extensive prejudicial hearsay, i.e., the alleged victim's complaints to others about his misconduct, to be admitted without objection. The prosecution, however, alleges that these statements were admissible as substantive evidence under *Cuzzort v. State,* 254 Ga. 745 (334 SE2d 661) (1985), because they were prior consistent statements. This argument overlooks the limitations placed on *Cuzzort* by our Supreme Court in *Woodard v. State,* 269 Ga. 317, 319-321 (2) (496 SE2d 896) (1998). Nevertheless, Woodall has not shown how the result of his trial could have been different but for

the failure to object, nor has he shown that these actions were not the result of trial strategy. *Goodwin v. Cruz-Padillo,* supra, 265 Ga. at 615; *Earnest v. State,* supra, 262 Ga. at 496-497. Therefore, this argument is without merit.

3. Woodall's allegation regarding the alleged extensive prejudicial and inadmissible opinion testimony on the ultimate issue of rape, if error at all, was certainly harmless because he was acquitted of that charge.

4. Woodall further alleges that the defense counsel allowed "[e]xtensive inadmissible, irrelevant and prejudicial testimony of unconnected independent alleged instances" to be admitted without a proper foundation being laid, and apparently without obtaining a ruling on the defense's pre-trial motion requesting disclosure of the same. Again, Woodall has neither argued nor demonstrated how the result of his trial would have been different. Further, he has not shown that the defense counsel's actions were not in the course of trial strategy. *Goodwin v. Cruz-Padillo,* supra, 265 Ga. at 615; *Earnest v. State,* supra, 262 Ga. at 496-497.

5. Woodall alleges that the defense counsel did not know how to authenticate a business record. The record shows that following the prosecution's objection to introduction in evidence of Woodall's time sheet because of a lack of foundation, the trial court excluded the time sheet. The record further shows, however, that, following the objection, Woodall testified about the matters contained in the time sheet. Therefore, pretermitting whether the simple failure to properly introduce a document in evidence constitutes deficient performance, Woodall has not demonstrated that the outcome of the trial would have been different if the time sheet had been introduced. *Goodwin v. Cruz-Padillo,* supra, 265 Ga. at 615.

6. Woodall contends on appeal that his rights to the presumption of innocence and proof beyond a reasonable doubt were violated because the prosecutor, without objection, repeatedly referred to the complaining witness as the "victim." According to Woodall, this "saturated the jurors' minds with the presumption that the other person is already recognized as 'the victim.'" Woodall cites no authority for this proposition. Further, because the jury acquitted Woodall of rape and enticing a child for indecent purposes, the record shows that it is unlikely that the jury was prejudiced against Woodall because of the prosecution's argument. Moreover, Woodall has not demonstrated that his counsel did not object as part of his trial strategy. *Earnest v. State,* supra, 262 Ga. at 496-497.

7. Woodall also asserts that his defense counsel was ineffective because he did not object to improper comments made by the district attorney. Specifically, he alleges that the district attorney injected facts in his argument that were not in evidence, and that he argued

to the jury that their verdict should be based on their feelings rather than the law and the evidence. The record does not support these allegations. The portion of the State's argument of which Woodall complains is clearly an argument on how the jurors should decide whether Woodall or the victim was telling the truth, and it contains no improper argument. In particular, the prosecution did not call on the jurors to disregard the law and the evidence and let their feelings decide the case.

8. Woodall argues that his defense counsel's closing argument was inadequate. The argument was brief. Defense counsel's entire argument consisted of the following:

> The good order, peace, dignity and a verdict that speaks the truth. That's why you're here. I don't know that I can really add a lot to what you've heard. You've heard the testimony of the witnesses. You'll have some documents with you in the jury room. The judge will give you the law that he will apply to this case. You will apply the law the judge gives you to the facts as you have heard them. We did not have to put on the case. Chuck Woodall did not have to take the stand. We did not have to call any witnesses in this case at all. The judge will tell you that. We had no burden — no burden of proof on us whatsoever, but we did that to try to lay it out for you the best we could. We put it in your hands and we ask that you find him not guilty.

Nevertheless, as the jury acquitted Woodall of two of the three charges against him, we cannot say that the argument was deficient as a matter of law. Further, because Woodall's appellate counsel did not seek an evidentiary hearing on the motion, Woodall's trial defense counsel was not asked to explain the basis for making such a short argument. Under the circumstances, we do not find as a matter of law that making such a brief argument was deficient. *Earnest v. State*, supra, 262 Ga. at 496-497.

Under the record in this case, Woodall has not met his burden under *Strickland v. Washington*, supra, 466 U. S. 668, and the trial court did not err by denying his motion for a new trial on these grounds.

*Judgment affirmed. Andrews, P. J., and Adams, J., concur.*

DECIDED APRIL 23, 2003 —
RECONSIDERATION DENIED MAY 12, 2003 — ■■■■■■

*England & England, J. Melvin England*, for appellant.

*Garry T. Moss, District Attorney, Cecelia Harris, Wallace W. Rogers, Jr., Assistant District Attorneys*, for appellee.